JAMES W. KEGGIN, *Plaintiff in Error,* v. COUNTY OF HILLSBOROUGH, *Defendant in Error.*

Opinion filed March 28, 1916.

1. A county is a political subdivision of the State, created for administrative purposes, is representative of the sovereignty of the State and auxiliary to it. Its functions are of a

public nature, it is political in character and constitutes the machinery by and through which many of the powers of the State are exercised.

2.  The building of roads and bridges and the maintenance of the same are none the less powers and duties of the State because it delegates the performance of these duties to officers of the different political subdivisions who in discharging such duties act as agents for the public at large.

3.  A county of this State being a mere governmental agency through which many of the functions and powers of the State are exercised, partakes of the immunity of the State from liability and may not be sued in an action *ex delicto* by one who in ignorance of the unsafe condition of a county bridge sustains a damage to his vehicle in crossing the bridge which the county has permitted to become unsafe and unfit for use.

Writ of Error to Circuit Court, Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*H. P. Macfarlane,* for Plaintiff in Error;

*Carl E. Whitaker,* for Defendant in Error.

Ellis, J.—The plaintiff in error brought suit against the County of Hillsborough to recover damages for injury to a motor truck which being driven by the plaintiff over a county bridge in Hillsborough county was injured by falling through the bridge which spanned a broad and deep creek.  The declaration alleged that the plaintiff was not negligent in driving the machine, which was an automobile truck with a rated carrying capacity of five tons and was at the time of the injury loaded with

a burden of three tons approximately; that the bridge by reason of age, decay and unsafe condition gave way with the weight of the truck and burden precipitating the truck into the creek and damaging the machine.

A demurrer to the declaration challenged the right of the plaintiff to maintain such an action against the county. The demurrer was sustained and final judgment entered in favor of the defendant. To this judgment the plaintiff applied for and obtained a writ of error.

May a county in this State be sued in an action *ex delicto* by an individual who in ignorance of the unsafe condition of a county bridge sustains a damage to his vehicle in crossing the bridge which by reason of negligence the County Commissioners have permitted to become decayed, unsafe and unfit for use?

A county is a political subdivision of the State. Art. VIII, Secs. 1, 2 Constitution of 1885.

It is not a corporation. It may be created by the State without the solicitation, consent or concurrence of the inhabitants of the territory thus set apart, it is created for administrative purposes, it is the representative of the sovereignty of the State, auxiliary to it, an aid to the more convenient administration of the government. It is purely political in character, its functions are of a public nature, constituting the machinery and essential agency by and through which many of the powers of the State are exercised. 7 R. C. L. "Counties" p. 922; 11 Cyc. 325.

The administration of the criminal laws, the execution of the policy of public education, the construction and maintenance of public roads and bridges, and the collection of taxes are some of the powers, of the State government which are exercised through the agency of county organizations. Atkin v. Kansas, 191 U. S. 207,

24 Sup. Ct. Rep. 124; State *ex rel.* Bell v. Cummings, 130 Tenn. 566, 172 S.W. Rep. 290. Counties being but political divisions of the State organized as a part of the machinery of the government for the performance of functions of a public nature, partake of the State's immunity from liability and may not be sued except in such transactions as the statute designates.

The building of roads and bridges and maintenances of the same is a function or duty of the State, it delegates the performance of it to the officers of the particular political division and in exercising this power these agents act for the public at large. The payment of taxes by the people of the county for road and bridge construction in the particular county is merely a convenient and just method of distributing the burden which the construction and maintenance of highways necessarily creates. The building of roads and bridges thus becomes a county purpose, the same as the building of court houses, jails and school houses, are county purposes within the meaning of the constitution. These powers and duties are none the less the powers and duties of the State, the exercise and discharge of which become and are the purpose of county organization. The power and authority which the county exercises in reference to roads and bridges is in its character and nature governmental rather than corporate. In this respect counties are distinguished from municipal corporations charged with the duty of keeping streets in safe and suitable condition for passage.

By the Common Law of England, a county, although sometimes regarded as a quasi corporation could not be subject to a civil action for a breach of its public duty. The Common Law of England is by statute declared to be in force in this State, therefore unless the statutes of

this State change the Common Law in this respect, counties in this State are not liable to actions of this character. Upon principle and authority, therefore, an action of this character will not lie against the county in the absence of a statute expressly authorizing it.

Many of the authorities cited by counsel in their briefs contain a full discussion of the question; some of them are the following: Russell v. Devon County, 2 T. R. 667; Markey v. County of Queens, 154, N. Y. 675, 49 N. E. Rep. 71, 39 L. R. A. 46; Hill v. City of Boston, 122 Mass. 344; City of Montgomery v. Ross, (Ala.), 70 South. Rep. 634.

It is conceded that the numerical weight of authority is decidedly against the contention of the plaintiff in error, and we are not convinced by the excellent brief of the attorneys for the plaintiff in error that that authority is not also better founded in reason.

While a county may in some respects resemble a municipality in that both organizations deal with public interests, their differences are so great that the cases discussing the latter's liability in damages for the negligent omission to perform a public duty, are not analogous to those in which a liability is sought to be imposed upon a county. The one feature which sufficiently distinguishes them is that the counties are under the constitution political divisions of the State, municipalities are not. The county under our constitution being a mere governmental agency through which many of the functions and powers of the State are exercised. County of San Mateo v. Coburn, 130 Cal. 631, 63 Pac. Rep. 78, 621. It therefore partakes of the immunity of the State from liability. Many of the powers exercised by a municipality, such as building and maintaining streets, erecting and operating water supply systems, lighting and power

plants are in their nature and character corporate rather than governmental. The corporation being organized voluntarily by the citizens of the locality for the purpose of local government, it is given the power and charged with the duty by the State of keeping the streets in a safe condition. 2 Dillon's Munic. Corp. (4th ed.) §1034; City of Key West v. Baldwin, 69 Fla. 136, 67 South. Rep. 808. The citizens of a municipality have a proprietary interest in the property and funds of the municipality, the citizens of a county have not. It is a matter of very grave doubt whether a judgment against a county even in those cases where suits are permitted against it may be satisfied by attaching or levying upon the moneys in any particular fund, as counsel for the plaintiff in error contend, although no authority is cited in support of the proposition. It is also contended in behalf of the plaintiff in error that a municipality is a political subdivision of the State yet it may be sued for its negligence in permitting defects or obstructions in the streets resulting in injury to a person lawfully using the streets. We do not agree with the learned counsel that the proposition is correct, if it is intended thereby to announce that in the exercise of all its functions and powers a municipality acts as a political subdivision of the State. McQuillin on Municipal Corporations says that a "municipal corporation is in part a public agency of the State and in part it is possessed of local franchises and rights which pertain to it as a local personality or entity for its *quasi*-private (as distinguished from public) corporate advantage." 1 McQuillin on Munic. Corp. 168. See also Duval County v. Charleston Lumber & Mfg. Co., 45 Fla. 256, 33 South. Rep. 531. A municipality is organized within certain limits of territory for the local advantage and convenience of the people in the

particular locality, special or additional advantages or conveniences are thus obtained by such organizations. It is when exercising its functions for its *quasi*-private corporate advantage that a city is held to be liable for its negligence in the discharge of its duties, but a county acts only in a public capacity as an arm or agency of the State.

The matter of authorizing suits against a county for damages resulting to one person from the negligent performance by the county of some duty imposed upon it, is one for the consideration of the legislature to whose wisdom the arguments used by the learned counsel for the plaintiff in error may appeal; but until such action is taken by the legislative branch of this government, we shall follow the lead of the "numerical weight of authority" and principle.

The demurrer was correctly sustained, and the judgment of the court below therefore is affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and WHITFIELD, JJ., concur.