DAVID MAXWELL, *Plaintiff in Error,* v. CITY OF MIAMI, A MUNICIPAL CORPORATION EXISTING UNDER THE LAWS OF FLORIDA, *Defendaant in Error.*

Opinion Filed February 14, 1924.

This case was decided by Division B.

1. Whether the operation of a fire department by the city may be technically denominated a governmental or a corporate function, the rule in this State is that a municipality is liable for injuries caused by negligence in not keeping its streets in a reasonably safe condition for lawful uses, and for injuries caused by negligent operation or conditions upon the streets that amount to a nuisance.

2. The operation upon the public streets of an automobile as a part of the fire extinguishment equipment of a city, is not

such an essentially or exclusively governmental function as to exempt the city from liability for injuries to persons lawfully using the streets, when such injuries are solely caused by the grossly negligent manner in which the automobile is driven at a high and dangerous rate of speed upon the streets on which persons are lawfully traveling on foot or in permissible vehicles.

3. While the right of way should be given to the passage of fire fighting equipment when a destructive fire is or is supposed to be in progress, yet the rights of persons lawfully upon the streets may not be violated by the reckless driving of fire extinguishing equipment automobiles, thereby causing injuries to others who are in no way at fault in the premises.

4. The public duties of municipalities are by law required to be performed so as to do no injury to private rights that is not immediately essential to conserve the public peace, health, safety, morals and general welfare.

5. Any exertion of municipal authority or of the police power is subject to the provisions of organic law that are designed to conserve private rights.

6. In the exercise of the police power, property and individual rights may be interefered with or injured or impaired only in the manner and to the extent that is reasonably necessary to conserve the public good.

7. An unreasonable or unnecessary exertion of municipal authority or of the police power in the manner or extent in which private personal or property rights are curtailed or impaired, violates organic law in that it deprives persons of liberty and property without authority or due process of law.

8. Municipalities are given police powers to conserve, not to impair private rights. The organic law contains limitations upon police and municipal powers that may be sought to be conferred by statute.

9. In view of the organic rights to acquire, possess and protect property and to due process and equal protection of the laws, the principles of non-liability and *damnum absque injuria* are not applicable when in the exercise of municipal authority or the police power, private, personal and property rights are interfered with, injured or impaired in a manner or by a means, or to an extent that is not reasonably necessary to serve a public purpose for the general welfare.

10. The State law forbids the operation of motor vehicles on the public highways of the State recklessly or at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the highway so as to endanger the property or life or limb of any person; and provides penalties for violation of the law.

11. Reckless driving of fire trucks on the streets of a city is manifestly not essential to efficiency in fire fighting, and such conduct needlessly and unreasonably and consequently unlawfully impairs the private rights of those who are lawfully upon the streets with their property. Such conduct renders the streets unsafe, and when permitted by the city, liability of the city may arise therefrom if persons and property lawfully on the street are injured in consequence thereof.

12. The city of Miami has "power to prevent or abate nuisances" and "to regulate the speed at which automobiles and all vehicles may be driven through the streets." This power carries with it a *duty* to prevent or abate nuisances and to regulate the speed at which all vehicles are driven through the streets, in the interest of public safety.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning Judge.

Reversed.

*A. B.* and *C. C. Small* and *J. H. Swink*, for Plaintiff in *Error*;

*A. J. Rose* and *J. W. Watson, Jr.,* for Defendant in *Error.*

WHITFIELD, P. J.—The amended declaration herein contained two counts. For the purpose of this case it will be necessary to state only the controverted portions of the second count, which are as follows:

"(1)  Plaintiff alleges that on or about September 10, 1921, the defendant was and still is a municipal corporation existing under the laws of Florida, and at the same time the defendant maintained a Fire Department consisting of the necessary organization and equipment for the quenching of fires within the said city, and that a part of said equipment the said defendant maintained a certain automobile, which was used by defendant as a part of the equipment of said fire department in the quenching of fires, and that said automobile was operated in the performance of such duties by officers, agents, employees and members of such fire department, and was so used, among other purposes, to transport officers or members of such fire department to the scene of fires.

"(2)  Plaintiff avers that the said automobile hereinabove mentioned had for a long period of time, to-wit, for many. months before the date alleged above, been used as a vehicle for the purpose of transporting the Chief of the Fire Department of the defendant or other directors of operation or members of the department to the scene of fires being attended by the fire department in its business of quenching fires, and that when the injury occurred said automobile of said fire department was driven by its driver in a grossly negligent and wanton and reckless manner and at a high and dangerous and grossly negligent rate of speed.

"(4) Plaintiff further avers that at the same time mentioned above plaintiff was driving an automobile along the streets of said city and was driving the same in a prudent, careful, and reasonable manner, and that while so driving he had occasion to cross the street along which the automobile of the Fire Department mentioned hereinabove was proceeding, and that said automobile of said Fire Department was being driven in the negligent, wanton and reckless manner, and at the reckless and dangerous rate of speed hereinabove set forth, and was negligently and carelessly driven into and against and upon the automobile being driven by plaintiff as aforesaid, to the great damage of plaintiff and plaintiff's automobile, the injuries being stated, damages claimed, and the prerequisite notice of claim being alleged.

A demurrer to the second count contained the following grounds:

"(1) It affirmatively appears from said count that there is no liability on the part of this defendant for the injuries complained of.

"(2) It appears from said count that the injuries complained of were caused by a member of the Fire Department of the City of Miami in the performance of his duties and there is not liability on the part of this defendant for the acts of its members of the Fire Department in the performance of their duties.

"(3) The acts of a municipality connected with its Fire Department are public and sovereign in their nature, and the defendant corporation is not liable to be sued either for failure to exercise them or for errors committed in their exercise,

"(4) The members or employees of the Fire Department are, while acting in the line of duty prescribed for .

them, not agents of the corporation in the sense which renders it liable for their acts.

"(5)    A city is not liable for negligent use or operation of its fire fighting apparatus.

"(6)    The city is not liable for damages for the negligent driving of fire apparatus by firemen in going to a fire.

"(7)    A municipal corporation is not liable for damages for injuries to a traveler on the streets who is run down by the negligent driving of fire apparatus by an incompetent and reckless driver, selected and retained by the city officials, although by his selection and retention they are remiss in their official duties."

The demurrer was sustained, and the plaintiff not amending his declaration, final judgment was rendered for the defendant city. The plaintiff took writ of error.

Whether the operation of a fire department by the city may be techically denominated a govermental or a corporate function, the rule in this state is that a municipality is liable for injuries caused by negligence in not keeping its streets in a reasonably safe condition for lawful uses, and for injuries caused by negligent operations or conditions upon the streets that amount to a nuisance.    See City of Tallahassee v. Fortune, 3 Fla. 19; Janes v. City of Tampa, 52 Fla. 292, 42 South. Rep. 729; City of Tallahassee v. Hawes, 81 Fla. 123, 87 South. Rep. 765; Kaufman v. City of Tallahassee, 84 Fla. 634, 94 South. Rep. 697.    See also stallings v. City of Tampa, 78 Fla. 606, 83 South. Rep. 625; DeFuniak Springs v. Perdue, 69 Fla. 326, 68 South. Rep. 234.    See also Hesketh v. City of Toronto, 25 Ont. App. 449; Workman v. City of New York, 179 U. S. 552, 21 Sup. Ct. Rep. 212; Kies v. City of Erie, 169 Pa. St. 598, 32 Atl. Rep. 621; Wagner v. Portland, 40 Ore. 389, 60 Pac. Rep. 985, 67 Pac. Rep. 300.    Liability of the city for fatal injury from a live electric wire in the

street was not questioned in Hadley v. City of Tallahassee, 67 Fla. 436, 65 South. Rep. 545.

A city is not liable for torts committed by city officials when not acting within the municipal powers conferred. Scott v. City of Tampa, 62 Fla. 275, 55 South. Rep. 983. See also City v. Pragg, 31 Fla. 111, 195 L. R. A. 196.

The operation upon the public streets of an automobile as a part of the fire extinguishment equipment of a city, is not such an essentially or exclusively governmental function as to exempt the city from liability for injuries to persons lawfully using the streets, when such injuries are solely caused by the grossly negligent manner in which the automobile is driven at a high and dangerous rate of speed upon the streets on which persons are lawfully traveling on foot or in permissible vehicles. While the right of way should be given to the passage of fire-fighting equipment when a destructive fire is or is supposed to be in progress, yet the rights of persons lawfully upon the streets may not be violated by the reckless driving of fire-extinguishing equipment automobiles, thereby causing injuries to others who are in no way at fault in the premises. The public duties of municipalities are by law required to be performed so as to do no injury to private rights that is not immediately essential to conserve the public peace, health, safety, morals and general welfare. See Gonzalez v. City of Pensacola, 65 Fla. 241, 61 South. Rep. 503. This is the limit of the police power.

Any exertion of municipal authority or of the police power is subject to the provisions of organic law that are designed to conserve private rights. In the exercise of the police power, property and individual rights may be interfered with or injured or impaired only in the manner and to the extent that is reasonably necessary to conserve the public good. An unreasonable or unnecessary exertion of

municipal authority or of the police power in the manner or extent in which private personal or property rights are curtailed or impaired, violates organic law in that it deprives persons of liberty and property without authority or due process of law. Municipalities are given police powers to conserve, not to impair private rights. The organic law contains limitations upon police and municipal powers that may be sought to be conferred by statute.

In view of the organic rights to acquire, possess and protect property and to due process and equal protection of the laws, the principles of non-liability and *damnum absque injuria* are not applicable when in the exercise of municipal authority or the police power, private, personal and property rights are interfered with, injured or impaired in a manner or by a means, or to an extent that is not reasonably necessary to serve a public purpose for the general welfare. See Pennsylvania Coal Co. v. Mahon, 260 U. S. 393, text 413, 415, 43 Sup. Ct. Rep. 158.

The State law forbids the operation of motor vehicles on the public highways of the State recklessly or at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the highway so as to endanger the property or life or limb of any person; and provides penalties for violation of the law. Secs. 18 and 26, Chapter 7275, Acts of 1917; Secs. 1023, 5605, Rev. Gen. Stats. 1920; Sec. 11, 13 Chap. 8410, Acts of 1921. See L. R. A. 1917E, p. 1170.

Reckless driving of fire trucks on the streets of a city is manifestly not essential to efficiency in fire fighting, and such conduct needlessly and unreasonably and consequently unlawfully impairs the private rights of those who are lawfully upon the streets with their property. Such conduct renders the streets unsafe, and when permitted by the city, liability of the city may arise therefrom if per-

sons and property lawfully on the street are injured in consequence thereof.

The City of Miami has "power to prevent or abate nuisances" and "to regulate the speed at which automobiles and all vehicles may be driven through the streets." Sec. 25, Chap. 7196, Acts of 1915. This power carries with it a *duty* to prevent or abate nuisances and to regulate the speed at which all vehicles are driven through the streets, in the interest of public safety. See City of Tallahassee v. Kaufman, this day filed. See also L. R. A. 1917B, p. 547.

The declaration in this case alleges: "That for a long period of time it has been the persistent habit and habitual custom of those driving the said machine on their way to fires to drive the same at a high and dangerous and grossly negligent rate of speed, many times driving the said car through the narrow streets of said city at a rate of fifty or sixty miles per hour, and plaintiff avers that the said custom and habit of driving at such high and dangerous rates of speed through the streets was generally and well known to the inhabitants of said city, and was so patently and obviously dangerous to other persons using the streets of said city as to be a menace to the public and to constitute a nuisance; and plaintiff avers that driving of the said automobile as aforesaid was known or by the exercise of reasonable diligence could have been known to the administrative and legislative officers of the city government of defendant, and that such driving as aforesaid was and is contrary to the laws of reason, and was and is contrary to the rights of people lawfully using said streets as pedestrians or riders in vehicles and dangerous to their life and safety, but that notwithstanding such fact the defendant, its officers and agents for a long time prior to the injury hereafter mentioned negligently failed to pre-

vent the driving of the said automobile over the streets of said city in the aforesaid dangerous and negligent rate of speed;'' and that when the injury occurred ''said automobile of said fire department was driven by its driver in a grossly negligent and wanton and reckless manner and at a high and dangerous and grossly negligent rate of speed.''

These allegations state a course of conduct that the city should have remedied to avoid a nuisance that endangered the lives and property of persons lawfully using the streets; and liability of the city may result therefrom if duly established. See Opocensky v. City of South Omaha, 101 Nebraska 336, 163 N. W. Rep. 325; Hillstrom v. City of St. Paul, 134 Minn. 451, 159 N. W. Rep. 1076; Creps v. City of Columbia, 104 S. C. 371, 89 S. E. Rep. 316. See also Walters v. City of Carthage, 36 S. D. 11, 153 N. W. 636.

Reversed.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.