CITY OF TAMPA, Plaintiff in Error, v. CHARLES W. EASTON, Defendant in Error.

198 So. 753
Special Division B
Opinion Filed November 26, 1940

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Plaintiff in Error;

*Joseph B. Lieb* and *A. Pickens Coles,* for Defendant in Error;

*O. S. Thacker* and *Wm. B. Madison,* as *Amici Curiae.*

WHITFIELD, P. J.—The writ of error herein was taken to a judgment of the circuit court awarding damages against the city for injuries to defendant in error and his automobile,

alleged to have been caused by the negligence of a named driver of an automobile truck owned by the city while it was being operated on a designated street of the city with the knowledge or consent of the city. It is contended that the city is not in law liable for the injury on the alleged ground that the truck was owned by the city and was being operated by a named driver on the city streets with the knowledge and consent of the city when the alleged negligence of the driver caused the injury.

Unlike a county, a municipality is not a subdivision of the State with subordinate attributes of sovereignty in the performance of governmental functions and correlative limited privileges, immunities and exemptions from liability for negligence of its employees or in other respects as may be recognized or provided by law. A municipality is a legal entity consisting of population and defined area, with such governmental functions and also corporate public improvement authority as may be conferred by law in a charter or other legislative enactment under the Constitution.

A municipality's governmental functions and its corporate, proprietary or public improvement authority must of necessity be exercised or performed by officers, agents and employees of the municipality. The governmental functions and the corporate duties and authority of a municipality may be regarded as being distinct, with different duties, privileges or immunities and, as to corporate matters, correlative liability for negligence of its officers and agents in performing or omitting municipal non-governmental or corporate duties or authority as may be in accord with statutory provisions or common law principles. The liability of municipal corporations in their governmental functions or in their corporate duty or authority in furnishing public corporate improvements or facilities, is regulated by substantive law. See Keggin v. Hillsborough County, 71

Fla. 356, 71 So. 372; City of Tallahassee v. Fortune, 3 Fla. 19, 52 Am. Dec. 35. What are governmental functions and what are corporate authority on duties of a municipality, are not comprehensively defined in the law but are to be determined in each case upon a judicial interpretation and application of appropriate provisions or principles of law to the facts legally shown or omitted as may be provided by controlling substantive and procedural law.

The maintenance of appropriate and reasonably safe streets and a necessary sewer system is a municipal corporate authority or duty under controlling statutes; and authority to properly use motor vehicles in such maintenance is necessarily implied from the authority or duty.

It is a duty of the municipality to be diligent in keeping its streets in a safe condition as to their lawful use as well as their surface requirements. When a municipality owns a motor truck, a dangerous instrumentality when in operation, that is being operated with the knowledge and consent of the municipality through its officers or employees and used on the streets for lawful street, sewer or other corporate purposes, the municipality may be liable for injuries to persons or property proximately caused by negligence of the truck driver in operating the truck on the streets which are required by law to be maintained by the municipality in a reasonably safe condition for traffic thereon, in the absence of a defense duly shown, particularly if the facts constituting the defense are peculiarly within the actual or constructive knowledge of the municipality through its officers or employees. When the plaintiff alleges an injury proximately caused by negligence of the driver of a motor truck on the streets of the municipality, the truck being owned by the municipality and operated with the knowledge and consent of the municipality, the declaration may not be subject to demurrer, since it does not wholly fail to state

any cause of action. Whether the declaration is subject to a motion for the compulsory amendment under the statute depends upon the contents of the declaration and the applicable law.

Pleas averring factual matters as a defense in such cases should not state conclusions of fact without averments of facts to sustain the asserted conclusions. This is especially the rule when the facts upon which the defense is predicated are peculiarly within the knowledge of the defendant or its officers or employees.

If the evidence adduced is not legally sufficient to sustain the judgment rendered, such evidence may be brought to the appellate court by proper bill of exceptions, so the entire trial proceedings may be reviewed to determine whether alleged rulings of the trial court on the pleadings or the legal sufficiency of the evidence were *harmful* errors.

"While automobiles may not be classed as *per se* dangerous instrumentalities, yet because of their speed and weight they may suddenly become extremely dangerous by negligent or inefficient use. The law-making power of the State, in recognition of the many and great dangers incident to their use, has enacted special regulations for the running of automobiles or motor vehicles on the public roads and highways of the State. Chap. 5437, Acts 1905, Secs. 859a, *et seq.*, Comp. Laws, 1914. These regulations relate primarily to duties that are imposed upon the owner of such vehicles. While these regulations do not expressly enlarge the common law liabilities of employers for the negligence of their employees, the statute does impose upon the owners of automobiles and motor vehicles duties and obligations not put upon the owners of other vehicles that are not so peculiarly dangerous in their operation, and specifically requires licenses, numbering, &c., for purposes of identifying the owner, and enacts that automobiles shall not be so

operated on a public highway 'as to endanger the life or limb of any person.' It is also enacted that in case of accident the name and address of the owner shall be given on request. The owners of automobiles in this State are bound to observe statutory regulations of their use and assumes liability commensurate with the dangers to which the owners or their agents subject others in using the automobiles on the public highway. The principles of the common law do not permit the owner of an instrumentality that is not dangerous *per se* but is peculiarly dangerous in its operation, to authorize another to use such instrumentality on the public highways without imposing upon such owner liability for negligent use. The liability grows out of the obligation of the owner to have the vehicle, that is not inherently dangerous *per se* but peculiarly dangerous in its use, properly operated when it is *by his authority* on the public highway." Anderson v. Southern Cotton Oil Co., 73 Fla. 432, text page 440, 74 So. 975, L. R. A. 1917E 715, 80 Fla. 441, 86 So. 629, 16 A. L. R. 255.

In Keggin v. County of Hillsborough, 71 Fla. 356, text page 360, 71 So. 372, Mr. Justice ELLIS, speaking for the Court, made the following very illuminating statement:

"While a county may in some respects resemble a municipality in that both organizations deal with public interests, their differences are so great that the cases discussing the latter's liability in damages for the negligent omission to perform a public duty, are not analogous to those in which a liability is sought to be imposed upon a county. The one feature which sufficiently distinguishes them is that the counties are under the Constitution political subdivisions of the State, municipalities are not. The county under our Constitution being a mere governmental agency through which many of the functions and powers of the State are exercised. County of San Mateo v. Coburn, 130 Cal. 631,

63 Pac. Rep. 78, 621. It therefore partakes of the immunity of the State from liability. Many of the powers exercised by a municipality, such as building and maintaining streets, erecting and operating water supply systems, lighting and power plants are in their nature and character corporate rather than governmental. The corporation being organized voluntarily by the citizens of the locality for the purpose of local government, it is given the power and charged with the duty of the State of keeping the streets in a safe condition. 2 Dillon's Munic. Corp. (4th Ed.), Sec. 1034; City of Key West v. Baldwin, 69 Fla. 136, 67 So. 808.

"The citizens of a municipality have a proprietary interest in the property and funds of the municipality, the citizens of a county have not. It is a matter of very grave doubt whether a judgment against a county even in those cases where suits are permitted against it may be satisfied by attaching or levying upon the moneys in any particular fund, as counsel for the plaintiff in error contend, although no authority is cited in support of the proposition. It is also contended in behalf of the plaintiff in error that a municipality is a political subdivision of the State yet it may be sued for its negligence in permittng defects or obstructons in the streets resulting in injury to a person lawfully using the streets. We do not agree with the learned counsel that the proposition is correct, if it is intended thereby to announce that in the exercise of all its functions and powers a municipality acts as a political subdivision of the State. McQuillin on Municipal Corporation says that a 'municipal corporation is in part a public agency of the State and in part it is possessed of local franchises and rights which pertain to it as a local personalty or entity for its quasi-private (as distinguished from public) corporate advantage.' I McQuillin on Munic. Corp. 168. See also Duval County

v. Charleston Lumber & Mfg. Co., 45 Fla. 256, 33 South. Rep. 531. A municipality is organized within certain limits of territory for the local advantage and convenience of the people in the particular locality, special or additional advantages or conveniences are thus obtained by such organizations. It is when exercising its functions for its quasi-private corporate advantage that a city is held to be liable for its negligence in the discharge of its duties, but a county acts only in a public capacity as an arm or agency of the State," Keggin v. County of Hillsborough, 71 Fla. 356, 360, 71 So. 372.

"A municipal corporation is not liable for tortious acts committed by its officers and agents, unless the acts complained of were committed in the exercise of some corporate power conferred upon it by law, or in the performance of some duty imposed upon it by law. Such a corporation may be liable in damages for injuries to others proximately resulting from the doing by its officers in an *unauthorized manner*, of a *lawful* and *authorized* act, but not doing an *unlawful* or prohibited act." Scott v. City of Tampa, 62 Fla. 275, 55 So. 983, headnote 3, 42 L. R. A. (N. S.) 908. See City of Tallahassee v. Fortune, 3 Fla. 19, 62 Am. Dec. 358; DeFuniak Springs v. Perdue, 69 Fla. 326, 68 So. 234; Gonzalez v. City of Pensacola, 65 Fla. 241, 61 So. 503, Ann. Cas. 1915C, p. 1290; City of Jacksonville Beach v. Jones, 101 Fla. 95, 131 So. 369, 133 So. 562; Chardkoc Junk Co. v. City of Tampa, 102 Fla. 501, 135 So. 457; Maxwell v. City of Miami, 87 Fla. 107, 100 So. 147, 33 A. L. R. 682; Kaufman v. City of Tallahassee, 84 Fla. 634, 94 So. 697, 30 A. L. R. 471; Ballard v. City of Tampa, 124 Fla. 457, 168 So. 654; City of Tallahassee v. Kaufman, 87 Fla. 119, 100 So. 150.

In this case the declaration contains allegations that:

"The defendant (city) was the owner of a certain auto-

mobile truck which was then and there being run, driven and operated by one Thomas Loftus, with the knowledge and consent of said defendant, in a northerly direction upon Nebraska Avenue, at the intersection of Nebraska Avenue and Hugh Street in the City of Tampa, Florida, and at said time and place, the said Thomas Loftus did negligently and carelessly run, drive and operate said automobile into and upon the automobile of the plaintiff, by reason whereof the plaintiff was greatly injured and his automobile damaged," etc.

A demurrer to the declaration was interposed on the following grounds:

"1. The allegations are insufficient to show any liability on the part of this defendant.

"2. The defendant is not liable merely because of its ownership of the motor vehicle and the fact that it was operated by some person with its knowledge and consent.

"3. The Defendant can only be liable when negligence is caused by its exercise of a proprietary function.

"4. There is no authority for holding a municipality liable in the State of Florida merely because of its ownership of a motor vehicle and the use of same with its knowledge and consent.

"5. No facts are shown to render this defendant liable under the doctrine of respondeat superior.

"6. The defendant municipal corporation is without authority to sanction the use of a motor vehicle except in the performance of a governmental or proprietary function.

"7. For aught that appears on the face of the declaration, the acts of this defendant complained of are *ultra vires* and for which the municipal corporation cannot be liable.

"8. The allegations of fact are insufficient to show any negligence on the part of this defendant."

The demurrer was overruled and the defendant city filed pleas, viz.: Not guilty; denial that the truck was being operated by Thomas Loftus with the knowledge or with the consent of defendant; several pleas of contributory negligence. Such pleas were not challenged. Other pleas averred that at the time and place as alleged the driver "was not under the control or the supervision of defendant, and said truck was not being operated in the business of defendant"; that the driver "was engaged upon a mission of his own without the knowledge of defendant"; that the driver "was engaged upon a mission of his own and unconnected in any way with defendant's business"; that the driver was not the agent or servant of defendant; that the driver "in operating the automobile truck was not acting within the scope of his employment or in the course of his master's cause." The latter five pleas were stricken on motion.

The following additional plea was also filed:

"(14) That at the time and place alleged in the declaration the automobile truck operated by the said Thomas Loftus, and the said Thomas Loftus, were loaned or hired to the Works Progress Administration of the United States in the construction of a storm sewer project in the City of Tampa; that under such arrangement the entire control and supervision over the said Thomas' Loftus and over the automobile truck which he was driving was under the foreman, superintendent, or other officer or agent of the said W. P. A. project, and during said time, said Thomas Loftus was the agent or servant of the said Works Progress Administration."

A demurrer to such additional plea was sustained by the court.

Verdict and judgment in $1,500.00 damages were rendered and defendant took writ of error. Separate errors are

assigned in sustaining the demurrer to the declaration; on striking pleas 8 to 12, both inclusive, and on sustaining the demurrer to additional plea No. 14.

Plaintiff in error presents three questions:

"Is a municipality liable for the negligence of its agent or servant unless the negligence occurs in the performance of a governmental, proprietary, or other corporate function?"

"Is a municipal corporation liable for the negligent operation of its automobile truck solely because the truck was operated with its knowledge and consent?"

"Where a municipal corporation loans or farms out its servant and automobile truck to a third party, and such third party has the entire control and supervision or dominion over said servant, is the city liable for any negligence on the part of such driver while acting as a servant of the third party?"

The declaration does not allege that defendant's automobile truck was being operated by defendant's officer or employee, or that the driver of the truck was under the control or the supervision of defendant, or that the truck was being operated in the business of defendant. But the declaration does allege that the defendant city was the owner of the truck that was being operated by a named person with the knowledge and consent of the defendant, on the streets of the city; and that the injury as alleged was caused by the negligent and careless operation of the truck by the named person at the intersection of two streets of the city when the driver negligently and carelessly ran the automobile into and upon the automobile of plaintiff. The declaration stated a cause of action against the city, and it was not error to overrule the demurrer thereto. There was no motion for compulsory amendment of the declaration, under Section 4296 (2630) C. G. L.

The city owned the truck, the demurrer admitted the allegations that the truck was operated by the named person with the knowledge and consent of the defendant and that the named person did negligently and carelessly run, drive and operate said automobile into and upon the automobile of the plaintiff on a named street of the city, by reason whereof the plaintiff was greatly injured as alleged and his automobile damaged. The injury occurred on the streets of the city, which streets it was the duty of the city to exercise due care to keep safe for traffic against negligent drivers of automobiles as well as against defects in the surface of the streets. The truck being a dangerous instrumentality when in operation on the streets, its owner, the city, is liable in damages in its corporate capacity for the negligent injury of a person lawfully on the street by the person operating the truck with the knowledge and consent of the city, its owner. See Maxwell v. City of Miami, 87 Fla. 107, 100 So. 147, 33 A. L. R. 682; City of Tallahassee v. Kaufman, 87 Fla. 119, 100 So. 150; Wolfe v. City of Miami, 103 Fla. 774, 134 So. 539, 137 So. 892; City of Miami v. McCorkle, filed at this term. See Vol. 78, Hubby on Automobile Law (6th Ed.), pp. 288, *et seq.* See also Herr v. Butler, 101 Fla. 1125, 132 So. 815; Englemen v. Treager, 102 Fla. 756, 136 So. 527.

The pleas which were stricken and plea No. 14, eliminated on demurrer, contained averments of conclusions without supporting averments of facts or exhibits, or else they do not contain all the elements of a defense to the charge that the defendants owned the truck, a dangerous instrumentality when in operation; that it was being operated by a named driver with the knowledge and consent of the defendant on streets which the defendant should be diligent in maintaining safe against negligent or careless use; and that plaintiff and his automobile were injured by negligence of the driver in

operating the truck on named streets of the city at a stated time.

The conclusions averred in Plea No. 14 are not supported by any allegations or exhibits showing the truck and its driver to have been in fact or in law under the sole control of another governmental agency at the time of the injury complained of.

The evidence adduced at the trial was not brought to this Court.

Affirmed.

TERRELL, C. J., and CHAPMAN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices BROWN and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.