## O. W. BARTH v. CITY OF MIAMI.

1 So. (2nd) 574
En Banc
Opinion Filed April 8, 1941
Rehearing Denied April 29, 1941

544

*Bart A. Riley* and *Edward A. McArthur,* for Plaintiff in Error;

*Knight & Green,* for Defendant in Error.

## On Rehearing

(For former opinion, see 143 Fla. 692, 197 So. 498)

CHAPMAN, J.—On November 18, 1938, plaintiff in error filed in the Circuit Court of Dade County, Florida, his third amended declaration alleging the negligent operation of a fire truck by defendant and consisting of two counts. A demurrer thereto was filed and one of the grounds was to the effect that each and every count failed to state or allege actionable negligence against the City of Miami in the

operation of the fire truck on the streets thereof. The lower court sustained the demurrer and entered final judgment against the plaintiff below and in favor of the City of Miami.

Writ of error was taken to the final judgment in behalf of the defendant below, and, after hearing oral arguments on the part of counsel for the respective parties at the bar of this Court and after studying the briefs and examining the authorities cited, this Court on July 12, 1940, entered an order affirming the final judgment appealed from. On July 3, 1940, an order was entered overruling and denying a petition for rehearing.

Pursuant thereto on August 2, 1940, a mandate of this Court issued in said cause and was filed and recorded as required by law in the office of the Clerk of the Circuit Court of Dade County, Florida. This Court *sua sponte* recalled said mandate and the same was returned and received by the clerk of this Court on December 16, 1940, and on January 15, 1941, a rehearing was granted and time limits named for the filing of briefs and the same having been filed, the cause is now before the Court on rehearing.

One of the contentions made here is that this Court has lost jurisdiction and was without authority on January 15, 1941, to make and enter an order granting a rehearing. Attached to the brief is a letter written by the clerk of this Court to counsel for defendant in error to the effect that this Court did not issue or make an order in the case at bar between July 31, 1940, and January 15, 1941. The letter of the clerk referred to is dated February 20, 1941, but the clerk through inadvertence failed or omitted to advise counsel that the Court *sua sponte* during the month of December, 1940, ordered a return of the mandate and the same reached the clerk's office on December 16, 1940. It will be observed that the order of this Court *sua sponte*

directing a return of the mandate was made in December, 1940, and the mandate was returned and filed December 16, 1940, and the cause was for all intents and purposes duly docketed in this Court as a case over which it then had jurisdiction, and that jurisdiction over the case at bar was pending and remained undisposed of on January 14, 1941, when the term ended. On January 15, 1941, the Court in the consideration of its docket, reached the case at bar and made an order granting a rehearing. We conclude that this Court has not lost jurisdiction but has now the authority to again consider its former judgment and the merits of the controversy on rehearing. See Chapman v. St. Stephens Protestant Episcopal Church, 105 Fla. 683, 136 So. 238, 138 So. 630, 84 A. L. R. 566, 139 So. 188, 145 So. 757.

The negligence alleged in the first count of the third amended declaration is to the effect that the defendant city, while operating a fire engine truck on the streets thereof, negligently and recklessly made a sudden left turn into another street and ran into and injured the plaitiff; that the fire truck was carelessly and negligently operated in the following particulars, to-wit: that the said fire engine truck had been proceeding down Southwest Third Avenue close to the parkway located in the center of said avenue, that the aforesaid left turn was made abruptly without the operators of said truck diminishing speed or giving any hand or other signals indicating an intention to turn, contrary to the provisions of Article VI, Section 10, sub-paragraph (a) of Ordinance No. 1858 of the City of Miami known as the Traffic Code; and said turn was made so abruptly and at such a sharp angle that the said fire truck was driven across a portion of the parkway dividing Southwest Third Avenue; and further that said turn was made at such a sharp angle as to place the said truck on the left hand side of Southwest Twenty-fifth Road, rather than on the right side where

it belonged under the provisions of Article VI, Section 11, sub-paragraph (b) and Article VI, Section 12, sub-paragraph (a) of Ordinance No. 1858 of the City of Miami, known as the traffic code, and under the laws of the State of Florida and customs governing the operation of motor vehicles, and plaintiff alleged that the aforesaid collision was the direct and proximate result of defendant's negligence as aforesaid.

The first count of the third amended declaration further alleged "that for a long period it has been the persistent habit and habitual custom of those operating the said truck and other fire equipment of the City of Miami on the way to and from fires, upon the public streets of the City of Miami, to drive and operate the same in a reckless and negligent manner in disregard of traffic regulations and the safety of other persons lawfully using said streets; and plaintiff alleges that the said custom and habit of driving and operating the said trucks in the reckless and negligent manner aforesaid was generally and well known to the inhabitats of the City of Miami, and was so patently and obviously dangerous to other persons using the streets of said city as to be a menace to the public and to constitute a nuisance; and plaintiff further alleges that the operation of the particular fire engine truck of the City of Miami hereinabove described at the time, place and in the manner set forth. constituted a nuisance; and plaintiff alleges that the manner of driving and operating said fire engine truck and said fire equipment, as aforesaid, was known, or by the exercise of reasonable diligence, could have been known, to the administrative and the legislative officers of the city government of defendant, and that such driving and operation was and is contrary to the laws of reason, and was and is contrary to the rights of people lawfully using said streets

as pedestrians or riders in vehicles and dangerous to their life and safety . . ."

The second count of the third amended declaration alleged the negligent operation by the defendant of a fire engine truck on the streets of Miami in language viz.: "That heretofore, on to-wit: the 13th day of February, 1938, at approximately 10:30 A. M., plaintiff was riding upon and operating a motorcycle in a northerly direction on Southwest Third Avenue in the City of Miami, Dade County, Florida; that at a point in or near the intersection of the said Southwest Third Avenue with Southwest Twenty-fifth Road in said city, county and state, he was struck by a fire engine truck of the City of Miami from Station No. 4, which operated on Southwest Third Avenue, and negligently and recklessly made a sudden left turn into Southwest Twenty-fifth Road; and that fire engine truck was then and there being operated in a negligent and reckless manner by an employee of the said defedant, City of Miami, acting within the scope of his employment; that as a proximate result of the aforesaid reckless and negligent conduct, plaintiff's motorcycle and sidecar was completely wrecked," and plaintiff sustained injuries to . . .

When the case at bar was before the Court on former hearing it was the opinion and conclusion of the Court that the same was ruled by Kaufman v. City of Tallahassee, 84 Fla. 634, 94 So. 697, 30 A. L. R. 471; Maxwell v. City of Miami, 87 Fla. 107, 100 So. 147, 33 A. L. R. 682; City of West Palm Beach v. Grimmett, 102 Fla. 680, 137 So. 385; Swindal v. City of Jacksonville, 119 Fla. 338, 161 So. 383.

In the case of City of Tampa v. Easton, 145 Fla. 188, 198 So. 753, it was disclosed by the record that the plaintiff below sustained described personal injuries caused by the negligence of a driver of an automobile truck owned by the City of Tampa while the same was being operated on the

streets thereof with the knowledge and consent of said City. There was a judgment for the plaintiff below and same was affirmed on appeal to this Court, when we in part said:

"A municipality's governmental functions and its corporate, proprietary or public improvement authority must of necessity be exercised or performed by officers, agents and employees of the municipality. The governmental functions and the corporate duties and authority of a municipality may be regarded as being distinct, with different duties, privileges or immunities and, as to corporate matters, correlative liability for negligence of its officers and agents in performing or omitting municipal nongovernmental or corporate duties or authority as may be in accord with statutory provisions or common law principles. The liability of municipal corporations in their governmental functions or in their corporate duty or authority in furnishing public corporate improvements or facilities, is regulated by substantive law. See Keggin v. Hillsborough County, 71 Fla. 356, 71 So. 372; City of Tallahassee v. Fortune, 3 Fla. 19, 52 A. M. Dec. 358. What are governmental functions and what are corporate authority or duties of a municipality are not comprehensively defined in the law but are to be determined in each case upon a judicial interpretation and application of appropriate provisions or principles of law to the facts legally shown or admitted as may be provided by controlling substantive and procedural law. . . .

"It is a duty of the municipality to be diligent in keeping its streets in a safe condition as to their lawful use as well as their surface requirements. When a municipality owns a motor truck, a dangerous instrumentality when in operation, that is being operated with the knowledge and consent of the municipality through its officers or employees and used on the streets for lawful street, sewer or other corporate purposes, the municipality may be liable for injuries to per-

sons or property proximately caused by negligence of the truck driver in operating the truck on the streets which are required by law to be maintained by the municipality in a reasonable safe condition for traffic thereon, in the absence of a defense duly shown, particularly if the facts constituting the defense are peculiarly within the actual or constructive knowledge of the municipality through its officers or employees. When the plaintiff alleges an injury proximately caused by negligence of the driver of a motor truck on the streets of the municipality, the truck being owned by the municipality and operated with the knowledge and consent of the municipality, the declaration may not be subject to demurrer.   ' '

" 'While automobiles may not be classed as *per se* dangerous instrumentalities, yet because of their speed and weight they may suddenly become extremely dangerous by negligent or inefficient use. The law-making power of the State, in recognition of the many and great dangers incident to their use, has enacted special regulations for the running of automobiles or motor vehicles on the public roads and highways of the State. Chapter 5437, Acts 1905; Sections 859a, *et seq.*, Comp. Laws, 1914. These regulations relate primarily to duties that are imposed upon the owners of such vehicles. While these regulations do not expressly enlarge the common law liabilities of employers for the negligence of the employees, the statute does impose upon the owners of automobiles and motor vehicles duties and obligations not put upon the owners of other vehicles that are not so peculiarly dangerous in their operation, and specifically requires licenses, numbering, etc., for purposes of identifying the owner, and enacts that automobiles shall not be so operated on a public highway "as to endanger the life or limb of any person." It is also enacted that in case of accident the name and address of the owner shall be given on

request. The owners of automobiles in this State are bound to observe statutory regulations of their use and assume liability commensurate with the dangers to which the owners or their agents subject others in using the automobiles in the public highways. The principles of the common law do not permit the owner of an instrumentality that is not dangerous *per se,* but is peculiarly dangerous in its operation, to authorize another to use such instrumentality on the public highways without imposing upon such owner liability for negligent use. The liability grows out of the obligations of the owner to have the vehicle, that is not inherently dangerous *per se,* but peculiarly dangerous in its use, properly operated when it is by his authority on the public highway,' Anderson v. Southern Cotton Oil Co., 73 Fla. 432, text page 440, 74 So. 975, text page 978, L. R. A. 1917E, 715; Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A. L. R. 225." See City of Miami v. Mc-Corkle, 145 Fla. 109, 199 So. 575.

It is well established that a declaration is required to state clearly and distinctly every fact that is essential to the plaintiff's right of action. The allegations thereof must be positive and direct or by fair inferences derived therefrom contain all the ultimate facts upon which a plaintiff relies for recovery. See Sickled v. Indian River Abstract & Guaranty Co., 142 Fla. 528, 195 So. 195; Kirton v. Atlantic Coast Line R. Co., 57 Fla. 79, 87, 49 So. 1024; Kidd v. Jacksonville, 91 Fla. 380, 107 So. 677; Co-operative Sanitary Baking Co. v. Shields, 71 Fla. 110, 70 So. 934; Atlantic Coast Line R. Co. v. Holliday, 73 Fla. 269, 74 So. 479.

It is likewise well established that a demurrer admits as true the well pleaded allegations or averments of fact and presents only questions of law as to the legal sufficiency of the pleading. See Sickler v. Indian River Abstract & Guaranty Co., 142 Fla. 528, 195 So. 195; Rodriquez v. Powell,

127 Fla. 56, 172 So. 849; Kress & Co. v. Powell, 132 Fla. 471, 180 So. 575; Slaughter v. Barnett, 114 Fla. 352, 154 So. 134, 102 A. L. R. 1073; Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449; Bloodworth v. Lippincott, 78 Fla. 261, 82 So. 827.

It is our conclusion on rehearing that the allegations of counts one and two of the third amended declaration meet the requirements of the rule as enunciated by this Court in City of Tampa v. Easton, 145 Fla. 188, 198 So. 753. The former opinion and judgment of this Court filed on July 12, 1940, is hereby set aside and vacated and on rehearing the judgment appealed from is reversed.

It is so ordered.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, C. J., and THOMAS, J., dissent.

ADAMS, J., not participating.

BROWN, C. J. (dissenting).—My view is that this case was correctly decided on July 12, 1940, under the status of the law as it then existed. In my opinion, the case of City of Tampa, v. Easton, cited in the above opinion, extended and widened the domain of municipal liability, and correctly so, but that opinion and decision should not be given a retrospective effect so as to affect our judgment of affirmance in this case which was rendered some months previously.