64 So.2d 924 (1953)
LEIALOHA
v.
CITY OF JACKSONVILLE.
Supreme Court of Florida, Division A.
May 5, 1953.
*925 Will O. Murrell and Wm. O. Murrell, Jr., Jacksonville, for appellant.
William M. Madison and Inman P. Crutchfield, Jacksonville, for appellee.
TERRELL, Justice.
Appellant sued the City of Jacksonville to recover damages for personal injuries on the theory that the city permitted holes to exist in the shoulders of Kings Avenue in Block 1800, sometimes known as State Road No. 5, whereby she was injured while operating her automobile thereon. The city answered denying negligence, charged contributory negligence and denied that at any time alleged in the complaint it was in possession or control of said highway, that pursuant to Section 341.64, F.S.A., it was designated as a municipal connecting link road and taken over by the State Road Department for maintenance and repair. On the issues so made, motion for summary judgment was granted and final judgment was entered in favor of defendant. This appeal was prosecuted.
The point for determination is whether or not the City of Jacksonville is liable for personal injuries to appellant incurred on one of its streets that had been taken over for maintenance and repair as provided by Section 341.64, F.S.A., the pertinent part of which is as follows:
"The state road department is authorized, empowered, directed and required to maintain and repair under its control and supervision, such designated municipal connecting link roads; to make appropriations and expenditures out of its funds for such purpose; and is authorized to enter into any and all contracts, inclusive of agreements with cities and towns, and with any federal agency of the United States of America authorized and empowered so to do, for such purpose. Provided nothing herein contained shall require the state road department to sweep, sprinkle or light said municipal connecting link roads."
To reverse the judgment of the trial court appellant relies on City of Tampa v. Easton, 145 Fla. 188, 198 So. 753; City of Tallahassee v. Fortune, 3 Fla. 19 and City of Tallahassee v. Coles, 148 Fla. 606, 4 So.2d 874. These cases treat the historical liability of a municipality for tort but here we are confronted with a case in which the tort took place on a city street that the legislature had removed from liability by placing it in the hands of the State Road Department for maintenance and repair, so the cases relied on have no application. While we do not decide the point, it may be that if the city fails to sweep, sprinkle or light a connecting road as contemplated by the proviso in Section 341.64, and damage results therefrom, the city would be required to respond in damages for the injury.
Section 341.64, F.S.A. was enacted in 1941, and a reading of its contents with the context, drives one to the conclusion that the legislature removed the maintenance and repair of connecting roads from municipalities to the State Road Department and in so doing, relieved the municipality of responding in damages for injuries occurring thereon. Barnett v. City of Opelousas, La. App., 13 So.2d 788; Gillespie v. City of Los Angeles, 36 Cal.2d 553, 225 P.2d 522; Perry v. City of Cumberland, 312 Ky. 375, 227 S.W.2d 411; Sloper v. City of Quincy, 301 Mass. 20, 16 N.E.2d 14.
The judgment appealed from is therefore affirmed.
Affirmed.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.