**WALTER T. AVEY v. CITY OF WEST PALM BEACH, a municipal corporation.**

12 So. (2nd) 881                                 January Term, 1943
April 9, 1943                                              En Banc

*R. C. Williams,* for appellant.

*Paul W. Potter,* for appellee.

CHAPMAN, J.:

The sole question presented on this record for adjudication is whether a municipal corporation is guilty of negligence and liable for damages when it permits or allows its "stop and go" traffic light system to remain out of order and an injury is caused thereby. The trial court entered judgment on demurrer for the defendant below, thereby holding that the operation of the "stop and go" traffic light by the municipality was a governmental function rather than a corporate function and the legal obligation resting on the municipality of keeping its streets and sidewalks in a reasonably safe condition could not be expanded to include traffic lights of a city. An appeal has been perfected here.

Counsel for the appellant, in seeking a reversal here of the judgment entered below, relies largely on the previous ruling of this Court. The case of Kaufman v. City of Tallahassee,

84 Fla. 634, 94 So. 697, 30 A.L.R. 471, 87 Fla. 119, 100 So. 150, held a municipality liable for the negligent operation on the streets of its fire truck. In the case of Smoak v. City of Tampa, 123 Fla. 716, 167 So. 528, this Court held that the operation of a garbage truck for garbage disposal was not a governmental function. The repair and upkeep of the streets of a municipality are corporate functions and therefore it is liable for the wrongful death of a city prisoner caused by the negligence of the city. See Ballard v. City of Tampa, 124 Fla. 457, 168 So. 654. A municipality was held liable for the negligent operation of its sewerage disposal plant. See City of Lakeland v. Douglass, 143 Fla. 761, 197 So. 467.

A municipal corporation is not liable for tortious acts committed by its officers and agents, unless the acts complained of were committed in the exercise of some corporate power conferred upon it by law, or in the performance of some duty imposed upon it by law. Such a corporation may be liable in damages for injuries to others proximately resulting from the doing by its officers in an unauthorized manner of a lawful and unauthorized act, but not doing an unlawful or prohibited act. See City of Tampa v. Easton, 145 Fla. 188, 198 So. 753.

A traffic light signal system is usually for the interest and safety of the users of the streets of a municipality. It is installed for the sole public benefit. It is in effect the substitution of a signal for a policeman in the regulation of traffic on the streets. It cannot be said that the installation and maintenance of such a system is for the sole benefit of the city, but is for the benefit of the public and its safety when using the streets. See 43 C. J. page 964, par. 1745. A person using a street is required to exercise his faculties to discover and avoid all dangers. It is not contended that the signal light was defectively constructed, but was by the municipality permitted or allowed to remain out of order without repair for 24 to 48 hours. A scienter of the disorder on the part of the city for the period is not alleged.

Other jurisdictions have considered the identical question and have held that there was no liability. See Vickers v.

City of Camden, 122 N.J.L. 14, 3 Atl. (2nd) 613; Hodges v. City of Charlotte, 214 N.C. 737, 200 S.E. 889; Parsons v. City of New York, 289 N.Y.S. 198, 273, N.Y. 547, 7 N.E. (2nd) 685; Shaw v. City of New York, 1 N.Y.S. (2nd) 311, Msc. Rep. 765; Kirk v. City of Muskogee, 183 Okla. 536, 83 Pac. (2nd) 594; 38 A.M. Juris. pp. 261-271, pars. 572-575. We fail to find error in the record.

Affirmed.

TERRELL and THOMAS, JJ., concur.

BUFORD, C. J., concurs specially.

BROWN, ADAMS and SEBRING, JJ., dissent.

BUFORD, C. J., concurring specially:

I think the alleged negligence of the municipality even if actionable was too remote to constitute a cause of action. The allegations are not sufficient to show that the failure of the municipality to keep the traffic light properly functioning was the direct and proximate cause of the injury but only shows that such failure on the part of the City may have been an indirect and remote cause which created a condition increasing the hazard which resulted in injury. See S.A.L. Ry. v. Mullen, 70 Fla. 450, 70 So. 467. Williams v. A.C.L.R. Co. 56 Fla. 735, 48 So. 209. The allegations of the declaration show an intervening and independent proximate cause of the injury, i. e., a collision with an automobile under the control of a third party.

BROWN, J., dissenting:

I realize this is a close question, but generally, all functions exercised by a municipal corporation, not strictly governmental, are corporate functions. As the City is charged with the duty of keeping its streets in safe condition—as a corporate function—I think the duty to keep its traffic lights in a good and safe condition is also a corporate rather than a governmental function. See Ballard v. City of Tampa, 124 Fla. 457, 168 So. 654; and 38 Am. Jur. p. 260-268, and Sec. 587 on p. 283.