63 So.2d 636 (1953)
WOODS
v.
CITY OF PALATKA.
Supreme Court of Florida, en Banc.
February 27, 1953.
Rehearing Denied April 1, 1953.
Chas. J. Kapfer and Edward L. Bush, Palatka, for appellant.
Walton & Walton, J.V. Walton and Kate L. Walton, Palatka, for appellee.
ROBERTS, Justice.
The real question here is on the constitutionality of the following provision of the Charter of the City of Palatka, appellee here, being Section 93 of Chapter 9875, Laws of Florida, Special Acts of 1923:
"The City of Palatka shall not be liable for personal injuries due to defective condition, excavations, or obstructions *637 in streets, sidewalks, alleys, avenues, parks or public grounds, nor shall it be liable for acts of omission, commission, mis-feasance or non-feasance of its officers or employees."
The question arose in proceedings instituted by the appellant against the appellee to recover for injuries sustained by her in falling into a hole in the sidewalk which, it was alleged, the city negligently permitted to "remain in a badly broken and unsafe condition and repair * * * thereby making said sidewalk unsafe and dangerous for public travel." Upon the city's motion to dismiss, the lower court held that "the validity of such exemption from liability as set forth in said Section 93 seems not to be forbidden by the organic law of the State of Florida and within the power of the legislature to grant; and further that the authority to the said City with reference to the repair and upkeep of sidewalks is permissive rather than mandatory, and the duty for such upkeep is placed by the legislative act primarily on the owners of lots abutting on sidewalks and footways; * * *." The lower court thereupon dismissed the complaint, and this appeal followed.
At the outset, it should be noted that the fact that the City may, by ordinance, require the owners of lots to construct or repair sidewalks in front of their lots and, upon their failure to do so, may then have such sidewalks constructed and charged against such owners as a lien against the lot, did not relieve the city of its duty to exercise reasonable diligence in repairing defects in sidewalks. City of Pensacola v. Jones, 58 Fla. 208, 50 So. 874; City of Key West v. Baldwin, 69 Fla. 136, 67 So. 808. Nor is the city, in such circumstances, relied of its liability for negligence in the discharge of this duty. City of Pensacola v. Jones, supra.
On the general question of the constitutionality of a statute which relieves a municipality from liability for torts, there is a divergence in the judicial opinions by courts in other jurisdictions. See the cases collected in the annotation in 124 A.L.R. beginning at page 350. In this jurisdiction, the repair and upkeep of the streets of a municipality "is a corporate function, for the abuse of which, by the negligence or wrongful conduct of its agents in the course of their regular employment, the city is liable." Ballard v. City of Tampa, 124 Fla. 457, 168 So. 654, 655, and cases therein cited. And this court has held that, in the exercise of a "proprietary" function, as distinguished from a "governmental" function, a governmental agency of this state cannot constitutionally be immunized from liability for its torts. Suwannee County Hospital Corp. v. Golden, Fla., 56 So.2d 911.
It must be held, then, under the authority of the Suwannee County Hospital Corp. case, supra, that the City of Palatka cannot constitutionally be exempt from liability for its negligence in the discharge of its duty to exercise reasonable diligence in repairing defects in sidewalks, which is held in this state to be a corporate or "proprietary" function, as distinguished from a "governmental" function.
Nor does the fact that the city may, by ordinance, place upon the abutting landowner the primary responsibility for constructing or repairing sidewalks, require a different view. Section 93 of the Charter attempts to relieve the city and its officers from liability for personal injuries due to the defective condition of sidewalks, streets, et cetera. There is no provision in the charter that an abutting landowner will be liable for injuries due to his failure to repair a sidewalk, when required by ordinance to do so. Thus, one who is injured by a defect in a sidewalk would be without any remedy, if the statutory immunization in favor of the city is allowed to stand, since such ordinances are construed "as creating a duty enforceable only by the municipality and do not subject such owners to liability for bodily harm caused to a wayfarer by their violations of the ordinances." Restatement, Torts, Sec. 288, Comment on Clause (a), page 760. The interpretation contended for by the City would, then, leave the appellant without any remedy and would violate Section 4 of *638 the Declaration of Rights of our F.S.A. Constitution.
For the reasons stated, the final order of dismissal should be and it is hereby reversed and the cause remanded for further proceedings.
Reversed and remanded.
HOBSON, C.J., TERRELL, THOMAS, MATHEWS and DREW, JJ., concur.
SEBRING, J., not participating.