68 So.2d 385 (1953)
HOLTON
v.
CITY OF BARTOW.
Supreme Court of Florida. Special Division A.
November 17, 1953.
S.L. Holland, Jr., Bartow, for appellant.
R.B. Huffaker, Bartow, for appellee.
SEBRING, Justice.
The plaintiff below has appealed from an order granting a motion to dismiss the complaint.
The allegations of the complaint are that one John Craig died as the result of injuries received in an accident that happened at a street intersection in Bartow, Florida, where the stop and caution signals facing south had been out of order for about one day. It is alleged that Craig approached the intersection from the south at approximately the same time that a truck was approaching from the west. As Craig drove up to the intersection the traffic light was green for his lane of travel. As he got into the intersection the light suddenly changed from green to red without first showing the yellow caution signal, and at the same moment, the light for west and east travel changed from red to green without an intervening yellow caution signal. As the result, the truck traveling east did not stop but drove on into the intersection and ran into the car operated by Craig. It is further alleged that the City of Bartow, through its agents, had ample knowledge of the defective condition of the light, so that if reasonable care had been exercised the light could have been regulated and would have been operating properly at the time of the collision.
The sole question is whether this complaint stated a cause of action for which relief could be granted.
In Avey v. City of West Palm Beach, 152 Fla. 717, 12 So.2d 881, a negligence action, it is held that the maintenance of a traffic light system by a municipality is a governmental function; and the rule is that a municipal corporation "is not liable for the tortious acts of its * * * officers committed as incident to the exercise of a purely governmental function." City of Miami v. Bethel, Fla., 65 So.2d 34, and cases cited; Avey v. City of West Palm Beach, supra. Immunity under this doctrine is predicated squarely on the governmental character of the municipal activity involved, and not upon the nature of the alleged tort. 38 Am.Jur., Mun.Corp., sec. 572-575. The decision first above cited is therefore controlling in the disposition of this appeal, see also Edwards v. City of Shreveport, La. App., 66 So.2d 373, and no consideration need be given to the question *386 of the propriety of this suit in the first instance under sec. 768.01, Florida Statutes 1951, F.S.A. Compare Williams v. City of Green Cove Springs, Fla., 65 So.2d 56; City of St. Petersburg v. Carter, Fla., 39 So.2d 804.
The judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and MATHEWS and DREW, JJ., concur.