109 So.2d 185 (1959)
Nathaniel Welch HEWITT, Appellant,
v.
James Frank VENABLE, Florida East Coast Railway Company, a Florida corporation, and City of Miami, Florida, a municipal corporation, Appellees.
No. 58-385.
District Court of Appeal of Florida. Third District.
February 24, 1959.
David Goldman, Miami, for appellant.
*186 William L. Pallot, City Atty., and Boardman, Bolles, Davant & Lloyd, Miami, for City of Miami, appellee.
WIGGINTON, JOHN T., Associate Judge.
Plaintiff has appealed from and assigns as error an order entered by the trial court dismissing his complaint as to defendant City of Miami. The record on appeal consists of a stipulated statement as permitted by Rule 3.6, subd. h, Florida Appellate Rules, 31 F.S.A.
The facts recited in the stipulated statement are that the defendant City maintained and manually operated by its agents, servants or employees a traffic control signal on Northwest Eleventh Street at its point of intersection with the tracks of the Florida East Coast Railway Company; that because of negligence of the City's employee in failing to give warning of the dangerous condition caused by the approach toward and into the intersection of a railroad crossing, the vehicle which the plaintiff was driving struck a railroad engine causing the injuries for which damages are sought.
The parties agree that the question posed for our decision is whether a municipal corporation is amenable to a suit sounding in tort where it is alleged that the municipality was negligent in the manual operation of a traffic control signal by and through its servants, agents or employees.
More than one hundred years ago our Supreme Court held that a municipality was liable for damages resulting from its negligent failure to maintain its streets in a safe condition of repair.[1] In decisions which subsequently followed, our court departed from the rule in the Fortune case and drew a distinction between municipal functions performed in a governmental as distinguished from a proprietary capacity. It held that while a municipality may be liable for the negligent acts of its employees committed in the performance of proprietary functions, it was not liable for the consequence of such acts if committed in the performance of governmental functions. This fictional distinction, grounded as it was upon the ancient premise that the King can do no wrong, was receded from and overruled by our Supreme Court's recent decision in the Hargrove case.[2] It is now the established law of this jurisdiction under the doctrine of respondeat superior that when an individual suffers a direct, personal injury proximately caused by the negligence of a municipal employee while acting within the scope of his employment, the injured individual is entitled to redress for the wrong done.[3]
The stipulated statement which constitutes the record on appeal in this case is silent as to whether the complaint alleges that the negligent act of the City's employee was committed within the scope of his employment or whether the negligence alleged was the proximate cause of the damages claimed by plaintiff. Since these issues are not included in the question presented by the parties for our decision, and are not mentioned by them in their briefs, we hold that they are not before us for consideration.
In support of the trial court's order of dismissal, appellee relies upon the decision of our Supreme Court in the Avey case.[4] It was there held that a municipality was not liable in tort for the failure of an electrically operated traffic light signal to function in a proper manner. There was no showing that the failure of the traffic light was the proximate cause of the damages suffered. To the extent, if any, that *187 the Avey decision is in conflict with the rule enunciated in the Hargrove case, it is to that extent overruled.
The order appealed from is reversed and the cause remanded for further proceedings.
Reversed.
HORTON, Acting C.J., and PEARSON, J., concur.
NOTES
[1] City of Tallahassee v. Fortune, Fla. 1850, 3 Fla. 19.
[2] Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130, 60 A.L.R.2d 1193.
[3] See note 2. Ragans v. City of Jacksonville, Fla.App. 1958, 106 So.2d 860.
[4] Avey v. City of West Palm Beach, 152 Fla. 717, 12 So.2d 881.