125 So.2d 770 (1961)
Alvina Ann RAVEN and John Raven, her husband, Appellants,
v.
Nancie Boughner COATES and David Owen Coates, and the City of Hialeah, a municipal corporation, Appellees.
No. 59-696.
District Court of Appeal of Florida. Third District.
January 9, 1961.
Rehearing Denied January 25, 1961.
*771 Hubert G. Roberts, Hialeah, for appellants.
Carey, Goodman, Terry, Dwyer & Austin, Miami, Ralph F. Miles, Hialeah, for appellees.
PEARSON, Judge.
The plaintiffs appeal from a final judgment dismissing their complaint against the City of Hialeah. They claimed damages for personal injuries to the wife resulting from an intersectional collision allegedly caused by the failure of the city to maintain a stop sign at the intersection. The judgment is affirmed.
The specific allegation of negligence contained in appellants' complaint was:
"* * * The City of Hialeah, acting through its duly authorized and constituted agents, servants and/or employees, by the exercise of ordinary care, knew or should have known, that a Stop Sign on the Southeast corner of the said intersection had been taken down, fallen down, or had collapsed, therefore endangering the lives and property of all motor vehicle operators on East Third Avenue, in the City of Hialeah, Florida at this particular intersection and at this particular time."
In Holton v. City of Bartow, Fla. 1953, 68 So.2d 385, and Avey v. City of West Palm Beach, 152 Fla. 717, 12 So.2d 881, it was held that a municipality was not liable for the torts growing out of the maintenance of a traffic control system because such was a purely governmental function. Subsequently, the Supreme Court of Florida in Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130, 60 A.L.R.2d 1193, receded from its prior decisions which held that municipal corporations were immune from liability for torts of police officers and held that when an individual suffers a direct, personal injury proximately caused by the negligence of a municipal employee while acting within the scope of his employment, the injured individual is entitled to redress for the wrong done. The reasoning employed was that since the modern city is in substantial measure a large business institution, to continue to endow it with immunity in all of the activities formerly designated as governmental, is unjust.
Pursuant to the holding of the Supreme Court in the Hargrove case, supra, this court has held that where it was alleged that a municipality was negligent in the manual operation of a traffic control signal by and through its servants, agents or employees and that the negligent act of the city employee was committed within the scope of his employment and that the negligent act was the proximate cause of the damage suffered, a cause of action would be stated. Hewitt v. Venable, Fla.App. 1959, 109 So.2d 185.
In the instant case damages were sought from the municipality for the failure of one or more municipal employees to place or replace a traffic control device at a particular intersection. Such a theory of liability is not within the scope of the holding of the Supreme Court of Florida in Hargrove v. Town of Cocoa Beach, supra. The placing of a policeman or a traffic control *772 device at a particular intersection is a matter of judgment by city officers. We are constrained to note as in Hewitt v. Venable, supra, that even if the plaintiffs' theory of liability were otherwise sound, the causal relation between the lack of a stop sign and their damages is more than doubtful in view of the fact that a person using a street is required to exercise his faculties to discover and avoid all dangers.
Affirmed.
HORTON, C.J., and CARROLL, CHAS., J., concur.