### DILLARD, et ux v. CITY OF EUSTIS.
No. 72-779.

Circuit Court, Lake County.

November 8, 1972.

Christopher C. Ford, Tavares, for the plaintiffs.

J. Edward Wall, Orlando, for the defendant.

W. TROY HALL, Jr., Circuit Judge.

This cause came on to be heard on the 1st day of November, 1972, on defendant's motion to dismiss plaintiffs' complaint.

Plaintiffs, G. M. Dillard and Vera Ann Dillard, allege in their complaint that on or about February 20, 1972, the plaintiff, Vera Ann Dillard, was operating a motor vehicle owned by the plaintiff, G. M. Dillard, and was traveling west on Lakeview Avenue through the intersection of Lakeview Avenue and Bay Street in the city of Eustis. Plaintiffs further allege that at the same time Thomas Elsworth Coil was operating a motor vehicle and traveling south on Bay Street, also through the intersection of Lakeview Avenue and Bay Street and that the traffic light at the intersection of Lakeview Avenue and Bay Street was not functioning properly and showed to the plaintiff, Vera Ann Dillard, and also to Thomas Elsworth Coil, a green light, causing the plaintiff, Vera Ann Dillard and Mr. Coil to collide in their automobiles. Plaintiffs allege that

the defendant, the city of Eustis, a municipal corporation, was in control of and managed and maintained the traffic light, that the defendant had or should have had knowledge of the faulty operation of the traffic light prior to the time of the collision, and that the defendant was negligent in allowing the traffic light to operate in a faulty manner. Plaintiffs also allege that as a result of the collision, the plaintiff, G. M. Dillard's motor vehicle was damaged, and he lost the value of his interest in it and the value of its use during the time required for necessary repairs to it.

The defendant seasonably moved to dismiss the complaint on the grounds that it failed to state a cause of action against the city of Eustis inasmuch as it showed on its face that the plaintiffs were endeavoring to hold the defendant liable in connection with a governmental function for which there is no right under Florida law to sue the defendant, a municipal corporation, and that the complaint alleged no ultimate facts to bring the plaintiffs within the exceptions under Florida law to municipal immunity.

It is the position of plaintiffs that the defense of municipal immunity is not available to the defendant under the facts as alleged in the complaint, plaintiffs relying on Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (1957), Modlin v. City of Miami Beach, 201 So.2d 70 (1967), and Hewitt v. Venable, 109 So.2d 185 (3rd D.C. 1959), and that the *Hewitt* case specifically overruled Avey v. City of West Palm Beach, 12 So.2d 881 (1943), and that the *Hargrove* decision subjects a municipality to suit under the facts as alleged in plaintiffs' complaint as against a defense of municipal immunity.

Defendant relies on *Avey,* supra, Holton v. City of Bartow, 68 So.2d 385 (1953), *Modlin,* supra, City of Tampa v. Davis, 226 So. 2d 450 (2d D.C. 1969), and Matthews v. City of Tampa, 227 So.2d 211 (2d D.C. 1969), and takes the position that *Hargrove* and *Hewitt* are restricted to the fact situation present in those cases which showed a special duty owed by the municipality to the person injured, i.e., a duty different from that owed to the general public, thus constituting an exception to the general rule of municipal immunity, and that the present case, as alleged in plaintiffs' complaint, falls within the general rule of municipal immunity and is governed by *Avey, Holton* and the later cases of City of Tampa v. Davis, supra, and Matthews v. City of Tampa, supra.

The issue of law presented to the court is whether the complaint, alleging that the defendant was in control of and managed and maintained the traffic light which malfunctioned and showed a green light to both the plaintiff and Mr. Coil causing their cars to

collide, and further alleging that the defendant had or should have had knowledge of the traffic light's faulty operation prior to the time of the collision, is subject to dismissal on the defendant's motion to dismiss raising the defense of municipal immunity.

The court holds that based on the facts alleged in the complaint, the defense of municipal immunity is good and the complaint should be dismissed. In so holding, the court finds that *Avey,* supra, *Holton,* supra, *Modlin,* supra, City of Tampa v. Davis, supra, and Matthews v. City of Tampa, supra, are controlling and subject the present complaint to dismissal based on the defense of municipal immunity.

Both *Avey* and *Holton* were cases involving automatic traffic signals which malfunctioned. In *Avey* the Supreme Court held that the maintenance of a traffic light system by a municipality is a governmental function as distinguished from a corporate or proprietary function and that the rule is that a municipal corporation is not liable for the tortious acts of its officers committed as an incident to the exercise of the purely governmental function.

In *Holton,* the plaintiff appealed from an order granting a motion to dismiss plaintiff's complaint. The plaintiff had alleged that the stop and caution signals at the intersection where the collision occurred had been out of order and that the city of Bartow, through its agents, had ample knowledge of the defective condition of the light, so that if reasonable care had been exercised the light could have been regulated and would have been operating properly at the time of the collision. The sole question presented was whether the complaint stated a cause of action for which relief could be granted. The Supreme Court affirmed the decision of the lower court, citing as authority its decision in *Avey.*

There is an excellent analysis of the history of municipal tort immunity in City of Tampa v. Davis, above cited. In that case a stop sign at the southwest corner of the intersection of 14th Street and 15th Avenue in Tampa was knocked down by a truck involved in an accident, and a police officer investigating the accident propped up the sign after his investigation. Some time later, and before the accident involving the plaintiff, the stop sign fell down again. Three days after the first accident Mrs. Davis was involved in a collision at the intersection where the stop sign had fallen. Mrs. Davis sued the city of Tampa alleging negligence predicated on its failure to properly maintain or replace the stop sign which had fallen down, and which was required to be maintained by the city's ordinance. The jury returned a verdict against the city of Tampa, and the city appealed.

The District Court, Second District, speaking through Judge McNulty, reversed, stating at 226 So.2d 454 —

". . . a municipality is liable in tort, under the doctrine of respondeat superior, when its agents or employee commits a tort in the performance, or by the nonperformance, of an executive (or administrative) duty within the scope of a governmental function, only when such tort is committed against one with whom the agent or employee is in privity, or with whom he is dealing or is otherwise in contact in a direct transaction or confrontation. The duty imposed on the agent or employee by virtue of such a relationship, and from which relationship the 'special and direct' interest of the private individual arises, is the 'special duty' discussed in *Modlin*."

The court points out that in *Hargrove* the person injured was a city jail prisoner to whom the city's agents owed a special duty different, at the time of the injury, from that owed to the public generally, and that the *Hewitt* case involved the negligent operation of a *manually* control railroad signal. The court goes on to point out that the city's agent in *Hewitt,* in operating the control device owed a duty to the plaintiff with whom he was in direct contact or liaison regarding the circumstances out of which the injury arose and that this situation clearly differed from one in which an automatic traffic control signal is in disrepair and the city's agent negligently repairs it, or lets it stand in disrepair for a considerable length of time. The court in *Davis,* supra, goes on to say that in the cases cited in *Modlin* from *Hargrove* on there is a single relevant common denominator in that the tort of the city's agent in each case occurred in a *direct transaction* with the person injured, i.e., there was found either privity or an arms-length relationship in which the city's agent was dealing directly, in some form, with the person injured and the "special duty" arose thereunder, giving rise to liability.

City of Tampa v. Davis, supra, was followed in Matthews v. City of Tampa, supra. No such special duty is found in the facts alleged in the plaintiffs' complaint in the instant case, and the court having heard argument of counsel and being duly advised in the premises, it is ordered and adjudged that — (1) Defendant's motion to dismiss is granted. (2) Plaintiffs' complaint is dismissed. (3) Plaintiff shall have twenty days from the date hereof in which to amend. (4) In the event plaintiffs do not amend within twenty days from the date hereof, or show cause why they cannot amend within twenty days from the date hereof, this order shall become a final order of dismissal.