311 So.2d 177 (1975)
Marie M. GORNTO, and Homer L. Gornto, Her Husband, Appellants,
v.
Betty Balfour MARKS, and Lewis H. Marks, Executors of the Estate of Grover S. Balfour, Deceased, Appellees.
No. T-474.
District Court of Appeal of Florida, First District.
April 16, 1975.
Rehearing Denied May 6, 1975.
Sam E. Barket, Jr., Jacksonville, for appellants.
John F. Fannin, of Milam, Martin & Ade, Jacksonville, for appellees.
JOHNSON, Acting Chief Judge.
The appeal in this case is from a final judgment in favor of the appellees (defendants below) who were the owners of property abutting upon a sidewalk in the City of Jacksonville, Florida.
*178 Mrs. Gornto, one of the appellants in this case, tripped or fell on the sidewalk because of a crack or broken piece of concrete in the sidewalk, resulting in alleged physical damages to her body.
The respective counsel for the parties stipulated as to the facts material to the issue involved and the trial court rendered its final judgment based thereon.
The trial court had denied motions for summary judgment and for judgment on the pleadings and had advised counsel that the court was of the view that the law of Florida was set forth in the case of Woods v. City of Palatka, 63 So.2d 636 (Fla. 1953) and that the Ordinance (602.101) of the City of Jacksonville did not impose upon the owner of abutting premises liability for injury to a business invitee by reason of a defective public sidewalk.
We have heard oral argument and studied the respective briefs and the record, and we are of the opinion that the holding of the Supreme Court of Florida in the Woods case, supra, is controlling in the facts of the case sub judice. We, therefore, agree with the trial court in entering judgment in favor of the appellees.
Affirmed.
STEWART, LEON F., Associate Judge, concurs.
BOYER, J., dissents.
BOYER, Judge (dissents).
I respectfully dissent. There is no issue of fact, all relative facts having been stipulated by the parties. Proximate cause is not an issue. The crack causing appellant Marie M. Gornto to fall is in the sidewalk between the building owned by appellees and the street of the City of Jacksonville. An ordinance of the City of Jacksonville provides:
"602.101 Owner's Construction or Repair of Sidewalks, Curbs and Gutters Constructed or Repaired. The owner of each parcel of land which abuts upon a street, park or other public place in the City is required to construct and maintain a sidewalk, curb and gutter along and in front of such parcel of land. USDs 2-5 Excepted. (Ord. XX-XXX-XXX, Sec. 2)
"602.102 Director of Public Works Authorized to Have Sidewalks, Curbs and Gutters Constructed or Repaired. If the owner of a parcel of land described in Section 602.101 shall fail to construct a sidewalk, curb or gutter as required, the Director of Public Works, upon having received a petition from property owners in accordance with Sections 602.104 and 602.105, may have a sidewalk, curb or gutter constructed along and in front of any such parcel. If the owner of a parcel of land described in Section 602.102 shall fail to maintain a sidewalk, curb or gutter as required, the Director of Public Works, upon finding that the failure to maintain creates a hazard to public health or safety, may have the unmaintained sidewalk, curb or gutter repaired or built. The cost of construction or repair, including administrative cost, with interest thereon at the rate of six percent per annum from the date of completion of the work shall be assessed against and shall be a lien superior to all other liens except only liens for ad valorem taxes upon the lot along and in front of which the sidewalk, curb or gutter was constructed or repaired. USDs 2-5 Excepted. (Ord. XX-XXX-XXX, Sec. 3)"
Although the sidewalk was not constructed by appellees, the ordinance is in the disjunctive and clearly requires maintainance by the abutting property owner. The general rule is that where a municipal ordinance imposes upon any person a specific duty for the protection or benefit of *179 others, if he neglects to perform that duty he is liable to those for whose protection or benefit it was imposed for any injuries of the character that the ordinance was designed to prevent and which were proximately caused by that neglect.[1]
Appellees urge that the above quoted ordinance is for the benefit of the city and not the pedestrian public. A reading of the ordinance does not lead me to that conclusion. Obviously the purpose in sidewalks is to facilitate pedestrian traffic. The sole purpose of maintenance is to benefit that traffic.
The learned trial judge and the able author of the above opinion base their decision squarely upon Woods v. City of Palatka, cited in the majority opinion. In my view that decision is not controlling. As stated in the first sentence thereof "The real question here is on the constitutionality of the following provision of the Charter of the City of Palatka * * *". There is no constitutional issue in the case sub judice. It is true that the writer of the Woods opinion, by way of dicta, observed that ordinances such as the one there under consideration are construed as creating a duty enforceable only by the municipality and not subjecting abutting owners to liability for bodily harm caused by violation thereof, citing Restatement, Torts, § 288, Comments on Clause (a), page 760. However, such was not an essential holding of the case nor was that ordinance reasonably comparable to that involved in the case sub judice.
In my view, violation of the above quoted ordinance constitutes prima facie evidence of negligence resulting in a right by an injured party (whose injuries resulted as a proximate cause of the violation) to maintain a suit for damages.
I would reverse.
NOTES
[1] 23 Fla.Jur., Negligence, § 29. See also Instruction 4.9 Florida Standard Jury Instructions.