321 So.2d 78 (1975)
Jack W. GORDON, Sr., Individually, and On Behalf of Gracie P. Gordon, His Wife, and As Administrator of the Estate of the Deceased, Jack W. Gordon, Jr., Appellants,
v.
CITY OF WEST PALM BEACH, a Municipal Corporation in the State of Florida, et al., Appellees.
No. 74-9.
District Court of Appeal of Florida, Fourth District.
October 10, 1975.
Rehearing Denied November 18, 1975.
Richard W. Slawson, Thompson, Tucker & Slawson, West Palm Beach, for appellants.
Marjorie D. Gadarian, Jones, Paine & Foster, West Palm Beach, for appellees.
DOWNEY, Judge.
Jack Gordon, Jr., was killed when his motorcycle collided with an automobile at the intersection of Spencer Drive and an alleyway behind a shopping center in the City of West Palm Beach. As a result thereof Jack Gordon, Sr., et al., brought a wrongful death and survival action against appellees City of West Palm Beach and *79 Ronald W. Schutta, the City Traffic Engineer, and Liberty Mutual Insurance Company. From a judgment dismissing the Gordon amended complaint this appeal was perfected.
The amended complaint alleged that the City constructed, owned, and maintained both Spencer Drive and the alleyway in question. The City had a duty to properly design and construct intersections and roadways under its ownership, control, and maintenance so as not to cause an unreasonable risk of harm to users thereof; but the City negligently designed and constructed Spencer Drive and the alleyway so that a person travelling west on the alleyway was prevented from seeing the existence of Spencer Drive and traffic proceeding thereon. The design and construction created an illusion that the alleyway was a continuous, non-intersected roadway and constituted a trap and an unreasonable threat of harm to the public invited to use said streets. In addition, the complaint further alleges that as the creator, owner, and maintainer of said intersection, the City breached its duty to warn persons using said intersection of the known trap and hazardous condition in that the City failed to furnish any warning device to notify the public of the alleged condition.
The amended complaint also alleged that appellee Ronald W. Schutta was the Traffic Engineer of the City of West Palm Beach. It charged him with negligence in failing to erect stop signs or other traffic control devices at the intersection in question although there had been three prior accidents at this intersection, and as a result of one such accident the investigating officer recommended to appellee Schutta that stop signs be erected there.
In dismissing the complaint the trial court cited a number of cases, all of which essentially held the cities involved had, under the circumstances, no liability because of governmental immunity.
In briefing the appellate question appellants contend that the cause of action alleged arises out of the City's negligence in designing, constructing, and maintaining its streets and the failure to warn of known defects and dangerous conditions existing in its streets. As to such a cause of action, appellants argue, the City is not immune from liability. Appellees on the other hand take the position that the trial court was correct because the claim upon which appellants attempt to obtain recovery is based on the regulation of traffic, a governmental activity precluding municipal liability in tort unless the municipality owed appellants' decedent a special duty differing from that owed to the public generally.
We are frank to admit that the current status of municipal tort liability is not at all clear since the advent of Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130; Modlin v. City of Miami Beach, Fla. 1967, 201 So.2d 70, and subsequent cases attempting to interpret the breadth and scope of those two cases. Because of this uncertainty, and because of the dichotomy between the parties to this appeal, it would appear appropriate for us to state our view of that status as it pertains to this case.
For years Florida has held that the construction, maintenance, and repair of streets in a municipality is a corporate or proprietary function as opposed to a governmental function. Keggin v. Hillsborough County, 71 Fla. 356, 71 So. 372 (1916); Bryan v. City of West Palm Beach, 75 Fla. 19, 77 So. 627 (1918); City of Tampa v. Easton, 145 Fla. 188, 198 So. 753 (1940); Woods v. City of Palatka, Fla. 1953, 63 So.2d 636. Thus, a municipality has a duty to construct, maintain, and repair its streets in a reasonable manner, and the failure to do so renders it liable to one injured by such negligence. In our judgment that established principle of municipal tort liability (for negligence in the exercise of proprietary functions) was in no way affected by the decision in Hargrove v. Town of Cocoa Beach, supra. The question before the Court in Hargrove was "whether a municipal corporation should *80 continue to enjoy immunity from liability for the wrongful acts of police officers." 96 So.2d at 131 (emphasis added). In deciding that under appropriate circumstances municipal immunity theretofore arising from the governmental function aspect of policemen's activities should not continue, the Court recognized that it was creating a new area of municipal liability and adding it to already existing areas of municipal liability such as "negligence in the maintenance of streets and bridges." 96 So.2d at 132. Nor did Modlin v. City of Miami Beach, supra, reduce the area of previously existing municipal liability in proprietary functions. That case held only that in order for a municipality, under the Hargrove rule, to be liable for the tort of a municipal officer, arising from the performance of a governmental function, that officer himself would have to be liable to the person claiming damages, and he would be so liable only if he owed to the claimant a duty that was different from the duty he owed to any other member of the public. While it decided that the City was not liable because the officer did not meet the criterion for liability, the Court also specified that "the tort liability of municipal corporations may now be equated with that of private corporations." 201 So.2d at 73. This is a further recognition that the Supreme Court did not abolish the pre-Hargrove liability of municipalities for torts resulting from their proprietary functions.
Thus we conclude that the current status of municipal tort liability is this:
1) as to those municipal activities which fall in the category of proprietary functions a municipality has the same tort liability as a private corporation;
2) as to those activities which fall in the category of governmental functions "... a municipality is liable in tort, under the doctrine of respondent superior, only when such tort is committed against one with whom the agent or employee is in privity, or with whom he is dealing or is otherwise in contact in a direct transaction or confrontation." City of Tampa v. Davis, Fla.App. 1969, 226 So.2d 450;
3) as to those activities which fall in the category of judicial, quasi judicial, legislative, and quasi legislative functions, a municipality remains immune. Hargrove v. Town of Cocoa Beach, supra; Modlin v. City of Miami Beach, supra.
In the case at bar we believe the allegations of the amended complaint state a good cause of action against the City of West Palm Beach for its alleged negligence in the design, construction, and maintenance of the streets in question and for its failure to warn of a known hazardous condition,[1] since road maintenance, etc., is a proprietary function for the negligent exercise of which Florida municipalities have been liable historically. On the other hand, the amended complaint states no cause of action against the City or Ronald W. Schutta for negligence in failing to place traffic control devices such as stop signs at the intersection in question. The installation and maintenance of traffic control devices such as stop signs, automatic traffic lights, etc., is a governmental function in the exercise of which the municipality is not liable. Avey v. City of West Palm Beach, 152 Fla. 717, 12 So.2d 881 (1943); Holton v. City of Bartow, Fla. 1953, 68 So.2d 385; Raven v. Coates, Fla.App. 1961, 125 So.2d 770. For reasons of harmony, the foregoing cases must be distinguished from the sort of case which demonstrates the existence of that privity or direct relationship between a plaintiff and a city officer which precludes application of the governmental immunity doctrine. Compare Hewitt v. Venable, Fla. App. 1959, 109 So.2d 185, with Modlin v. City of Miami Beach, supra.
*81 It would appear that our decision here conflicts with the decision of the First District Court of Appeal in Nobles v. City of Jacksonville, Fla.App. 1975, 316 So.2d 565. The District Court held as a matter of law the City of Jacksonville was not liable for negligence in maintaining a bridge with steel grating in the roadbed which when wet constituted a dangerous, hazardous public nuisance to the travelling public utilizing the bridge for vehicular traffic in that it was dangerously slippery causing drivers to lose control of their vehicles. The rationale of that case seems to be that as a result of the Hargrove and Modlin cases there is no longer any municipal tort liability unless there is a direct relationship between the negligent city agent and the person injured. This view of Hargrove in the perspective of Modlin means that Hargrove restricted the overall exposure of municipalities to tort liability. However, as we indicated above, we understand Hargrove to have expanded the municipality's possible exposure to such liability. Our understanding of the Hargrove case is in accord with that of the Second District Court of Appeal in City of Tampa v. Davis, supra. It also appears that the result we reach accords with the result in Panama City v. Eytchison, 134 Fla. 833, 184 So. 490 (1938), while the result reached in Nobles v. City of Jacksonville, supra, does not.
Although we do not agree with the decision of our sister court, we share its discontent with the present state of the law in the area of municipal tort liability. While we have tried to articulate and apply what we conceive to be the law in the area of municipal tort liability, we are concerned that the substantive rights of individuals should turn upon such artificial distinctions as whether maintenance of a traffic control device is governmental or proprietary, or whether a warning sign or light is a traffic control device. It would seem far more realistic and workable for such rights to turn on the question whether the governmental entity's act or failure to act proximately caused the harm claimed. However, the prerogative to make such changes in the law lies exclusively in the Supreme Court of Florida. Hoffman v. Jones, Fla. 1973, 280 So.2d 431.
For the reasons set forth above, we reverse the judgment in favor of the City of West Palm Beach, affirm the judgment in favor of Ronald W. Schutta, and remand the cause for further proceedings as to the defendant appellee City of West Palm Beach.
Affirmed in part, reversed in part, and remanded.
CROSS, J., and LEE, THOMAS E., Associate Judge, concur.
NOTES
[1] The duty to warn of a known dangerous condition is part of the duty to maintain and repair. 19 McQuillan, Municipal Corporations, § 54.90(a) (3rd. Ed.).