326 So.2d 192 (1976)
Margaret TRUMPE, etc., et al., Appellants,
v.
CITY OF CORAL SPRINGS, a Municipal Corporation of the State of Florida, Appellee.
No. 74-840.
District Court of Appeal of Florida, Fourth District.
February 6, 1976.
Henry J. Prominski, of Tucker & Prominski, Pompano Beach, for appellants.
Diane D. Hathaway of Druck, Grimmett, Norman & Weaver, Fort Lauderdale, for appellee.
DOWNEY, Judge.
It appears from appellants' second amended complaint that appellants' decedent, Astrid Kissell, drove her car north on Coral Ridge Drive in the City of Coral Springs during hours of darkness. Coral Ridge Drive dead ends into Wiles Road which runs east and west. There is a deep canal on the north side of Wiles Road running parallel to it. On the evening in question Mrs. Kissell drove her car across the intersection into said canal and drowned. The aforesaid complaint alleged that the intersection in question was a dangerous one requiring the appellee to warn motorists using Coral Ridge Drive that the road ended abruptly and that there was a canal just beyond the terminus of that road. Finally, it alleged that the appellee breached its duty to warn of such dangerous condition.
To the second amended complaint appellee directed a motion for judgment on the pleadings on the ground of governmental immunity. The trial court granted said motion and entered final judgment for appellee, stating that there was no duty existing between appellee and appellants' decedent and that the appellee was protected by governmental immunity. We reverse because we do not think that the trial court's conclusions apply to this case. See Gordon v. City of West Palm Beach, Fla.App., 321 So.2d 78, opinion filed October 10, 1975, wherein this court recognized that the construction, maintenance, and repair of city streets is a proprietary as opposed to a *193 governmental function and concluded that a municipality's liability for negligence in the exercise of proprietary functions was in no way affected by the Supreme Court's decision in Hargrove v. Town of Cocoa Beach, Fla. 1957, 96 So.2d 130, or Modlin v. City of Miami Beach, Fla. 1967, 201 So.2d 70.
In addition, we note that it has long been held that a municipality has a duty to persons using its streets to keep those streets in a reasonably safe condition and to warn persons using its streets of known dangerous conditions. Town of Palm Beach v. Hovey, 115 Fla. 644, 155 So. 808 (1934); City of Hialeah v. Revels, Fla.App. 1960, 123 So.2d 400. The Revels case involved a factual setting very similar to that described here. The city was held liable in that case for failure to warn motorists of the presence of a canal abutting a T intersection. See also Christenson v. Village of Hibbing, 219 Minn, 141, 16 N.W.2d 881 (1944).
Since a voluntary dismissal was taken as to the defendant Sunshine Drainage District, Count II is no longer a part of the second amended complaint. However, said count contains allegations of ultimate fact which should be contained in Count I to state a good cause of action against the city. Accordingly, we feel the justice of the cause requires that on remand appellants be given a further opportunity to amend their complaint. Baird v. Continental Insurance Company, Fla.App. 1970, 237 So.2d 206.
Reversed and remanded.
WALDEN, C.J., and SILVERTOOTH, LYNN N., Associate Judge, concur.