PER CURIAM.
Appellants, Universal Dry Wall, Inc. and Travelers Insurance Company, as cross-complainants below, filed a claim against Metropolitan Dade County setting forth in part as follows:
“4. At all times material Dade County owned, managed, designed and controlled *574 the Right-of-way and streets in Dade County known as S.W. 136th Street and 97th Avenue, and at the intersection of said streets negligently erected stop signs to control motor vehicular traffic in said vicinity and using said streets and intersection.
“5. That said intersection was dangerous and defective in its design, control and maintenance by Dade County, Florida, and Dade County knew or in the exercise of reasonable care should have known of said dangers and defects.”
In response to appellee’s motion to dismiss, the lower court dismissed the complaint with prejudice:
“. . . because it is not actionable negligence that a governmental authority has failed to maintain a traffic control device at a given time and place. Commercial Carrier Corporation v. Indian River County, 342 So.2d 1047 (Fla. 3d DCA 1977).”
The lower court is correct and we affirm its ruling as to the alleged negligence in erecting traffic control devices as set forth in Paragraph 4 of the complaint. Gordon v. City of West Palm Beach, 321 So.2d 78 (Fla. 4th DCA 1975); and City of Tampa v. Davis, 226 So.2d 450 (Fla. 2d DCA 1969).
However, the lower court committed error in dismissing the complaint regarding defects in design in maintenance of its roads as set forth in Paragraph 5 of the complaint. We reverse as to that portion of the order of dismissal. Gordon v. City of West Palm Beach, supra; Trumpe v. City of Coral Springs, 326 So.2d 192 (Fla. 4th DCA 1976). We remand the cause for further proceedings to reinstate the complaint as to defective design and maintenance of roads on the part of Dade County.
Affirmed in part, reversed in part and remanded.