765 So.2d 131 (2000)
Eleanor T. SCHUPBACH and Arthur Schupbach, Appellants,
v.
CITY OF SARASOTA, a municipality of the State of Florida, Ronald F. House, One Florida Legal Investments, Inc., and The Estate of Clyde H. Wilson, Appellees.
No. 2D99-3314.
District Court of Appeal of Florida, Second District.
June 21, 2000.
Rehearing Denied July 26, 2000.
Harry W. Haskins, Sarasota, for Appellants.
Diane H. Tutt, Plantation, for Appellees Ronald F. House, One Florida Legal Investments, Inc., and the Estate of Clyde H. Wilson.
No appearance for Appellee City of Sarasota.
CASANUEVA, Judge.
Eleanor T. Schupbach and Arthur Schupbach, husband and wife, appeal a final summary judgment that disposed of their respective negligence and consortium claims against certain landowners: appellees Ronald F. House, One Florida Legal Investments, Inc., and the Estate of Clyde H. Wilson.[1] We affirm.
Mr. and Mrs. Schupbach sued the City of Sarasota. In the complaint, Mrs. *132 Schupbach alleged that she was injured while walking on a public sidewalk owned by the City of Sarasota. More specifically, she asserted that the sidewalk was in such a state of disrepair that the City of Sarasota knew or should have known that a dangerous condition existed which permitted the heel of her shoe to be caught in the sidewalk, causing her to fall and sustain injuries.
During discovery, the City of Sarasota answered an interrogatory saying that it believed section 30-26 of the City Code[2] imposed a duty on an abutting property owner to maintain and keep in repair public sidewalks in front of or abutting the owner's property. Following receipt of this information, the Schupbachs amended their complaint to add the abutting property owners, appellees Ronald F. House, One Florida Legal Investments, Inc., and the Estate of Clyde H. Wilson, as defendants. Their liability was premised upon a claimed duty emanating from section 30-26. By motion for summary judgment the appellees/abutting landowners challenged this claim. The trial court found in their favor, granted the motion, and entered summary judgment on their behalf.
As a general rule, an abutting property owner has no duty to maintain a public sidewalk. See Freundlich v. South Seas Operating Corp., 398 So.2d 490 (Fla. 3d DCA 1981). That duty normally rests upon the sovereign, here, the City of Sarasota. The issue then is whether, by passing section 30-26, the City of Sarasota imposed a duty of care upon abutting landowners enforceable by a private cause of action. We hold it does not.
Past cases have examined similar but not identical issues. In Gornto v. Marks, 311 So.2d 177 (Fla. 1st DCA 1975), the First District held that a City of Jacksonville ordinance did not impose liability upon an abutting owner for injuries sustained in a trip and fall on a public sidewalk. The Jacksonville ordinance, like Sarasota's, required the abutting property owner to maintain the public sidewalk. However, unlike the instant ordinance, the Jacksonville ordinance empowered the city to levy a cost of repair or maintenance assessment against the proper owner should the latter fail to maintain the public sidewalk. Id. at 178 (Boyer, J., dissenting). Earlier, in Woods v. City of Palatka, 63 So.2d 636 (Fla.1953), the supreme court addressed the constitutionality of a statute that relieved a municipality from liability for torts. In concluding that, constitutionally, a municipality could not be exempted from tort liability in "the discharge of its duty to exercise reasonable diligence in repairing defects in sidewalks, which is held in this state to be a corporate or `proprietary' function," id. at 637, the court pointed out that a city could require abutting property owners to repair sidewalks and impose, upon a failure to do so, a lien upon the property.
With this background, we observe initially that section 30-26 fails to set forth express language creating the duty that the Schupbachs assert the abutting landowners possessed. To the contrary, the language of the statute provides for the maintenance of the public sidewalks to insure general public safety. In Murthy v. N. Sinha Corp., 644 So.2d 983, 986 (Fla. 1994), our supreme court held that "a statute that does not purport to establish civil liability but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing a civil liability." Although here we deal with a municipal ordinance and Murthy considered a state statute, we conclude that Murthy's reasoning is applicable. Section 30-26 was enacted as a result of the legislative powers possessed by the City of Sarasota. This power is similar in nature to the legislative power possessed by the Florida Legislature.
*133 Recently, this court in City of Sarasota v. Windom, 736 So.2d 741, 742 (Fla. 2d DCA 1999), concluded that "in the absence of legislative intent to create a private cause of action on behalf of citizens seeking to challenge an allegedly improper traffic control device, we decline to create such a cause of action." Similarly, we can find no legislative intent in section 30-26 to create a private cause of action against the abutting property owners.
Therefore, we hold that section 30-26 of the Code of the City of Sarasota did not create a private cause of action imposing a duty of care in tort upon the abutting property owners. We emphasize that the City of Sarasota, as owner of the public sidewalk, retains the duty of sidewalk maintenance. This opinion should not be construed as relieving the City of Sarasota of this duty.
Affirmed.
BLUE, A.C.J., and WHATLEY, J., Concurs.
NOTES
[1] The City of Sarasota does not appear in this appeal because it was not affected by the summary judgment. However, it is still considered an appellee. See Fla. R.App. P. 9.020(g)(2).
[2] Section 30-26 provides:

Duty of owner of abutting property. It shall be the duty of each owner of abutting property to construct or reconstruct, and to maintain and keep in repair uniform and substantial sidewalks in front of or abutting upon each parcel of the owner's property within the city.