904 So.2d 484 (2005)
Esther DEL RIO, Appellant,
v.
CITY OF HIALEAH, Hector Abreu and Ileana Padron, Appellees.
No. 3D03-2929.
District Court of Appeal of Florida, Third District.
May 11, 2005.
Rehearing Denied June 22, 2005.
*485 Neufeld, Kleinberg & Pinkiert and David Kleinberg, for appellant.
Luis E. Ordonez & Associates and Frances F. Guasch, for appellees Hector Abreu and Ileana Padron.
Akerman Senterfitt and Jennifer Cohen Glasser and Michael Fertig, Miami, for appellee City of Hialeah.
Before GREEN, RAMIREZ, and SUAREZ, JJ.
SUAREZ, J.
Plaintiff/Appellant, Esther Del Rio ("Del Rio") appeals from a summary judgment entered in favor of Defendants/Appellees, Hector Abreu and Ileana Padron ("Abreu and Padron"). Del Rio argues on appeal that the trial court erred in entering a summary judgment claiming there are issues of material fact as to whether Abreu and Padron created the dangerous condition on the sidewalk in question which caused her to fall. Appellee, City of Hialeah, argues on appeal that the trial court erred in granting summary judgment claiming a Hialeah ordinance creates a third party cause of action. We reverse and remand for further action.
Del Rio alleges she was jogging in Hialeah when she tripped and fell into a hole in the city-owned sidewalk. She brought an action against the City of Hialeah and the homeowners, Abreu and Padron, whose property abuts the public sidewalk. Abreu and Padron denied having knowledge of or causing the hole in the sidewalk and moved for summary judgment.
One of the issues addressed at the summary judgment hearing was whether Hialeah Ordinance 82-91[1], which Del Rio claims was violated by Abreu and Padron, creates a third party cause of action. In response to the trial court's specific question as to whether any of the Hialeah ordinances create a third party cause of action against the abutting landowner should the landowner fail to comply with the Hialeah ordinances, the City inadvertently stated that the ordinances do not create such a cause of action. Based on that representation, the Judge found no *486 liability on the part of abutting property owners Abreu and Padron. See Schupbach v. City of Sarasota, 765 So.2d 131 (Fla. 2d DCA 2000)(statute specifically must provide for a private cause of action for abutting landowners' failure to maintain a public sidewalk); Murthy v. N. Sinha Corp., 644 So.2d 983 (Fla.1994)(a statute that does not purport to establish civil liability but merely makes provisions to secure the safety or welfare of the public will not be construed by the courts as establishing a civil liability). The trial court next concluded there was insufficient evidence that Abreu and Padron caused the sidewalk defect. Therefore, the court found no liability as an owner whose property abuts a public sidewalk owes no duty to the public to maintain the sidewalk solely because the property abuts the sidewalk. See Beattie v. City of Coral Gables, 358 So.2d 1131 (Fla. 3d DCA 1978); Freundlich v. South Seas Operating Corp., 398 So.2d 490 (Fla. 3d DCA 1981); Cantens v. Jeff-Son, Inc., 381 So.2d 307 (Fla. 3d DCA 1980). The court then granted summary judgment.
The City has intervened as an Appellee in this proceeding pursuant to Florida Rule of Appellate Procedure 9.020(g). The City now maintains that although it specifically did not argue the point at the summary judgment hearing, the City of Hialeah Ordinance Code Sections 82-1 and 82-2[2] explicitly provide a private cause of action in third parties against property owners with respect to defective conditions in abutting sidewalks. The City argues that reading the sections in pari materia makes clear that a private cause of action exists whereby a property owner may be liable to a third party pedestrian injured as a result of the property owner's breaching his or her duty pursuant to Section 82-91 to report or repair damage caused by the property owner to the public sidewalk. The homeowner stipulates that a property owner could be liable to a third party due to non-compliance with these express provisions in the ordinances and concedes that if the ordinance does create a third party action then summary judgment in favor of the homeowner was granted in error. The homeowner argues that this legal issue cannot now be raised as it was not raised in the hearing below.
Summary judgment is proper only if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). The homeowners are mistaken that this court *487 cannot consider the ordinance issue not raised before the lower court at the summary judgment hearing. Although the parties failed below to raise the specific ordinances applicable to the facts of this case, under a de novo review we are obligated to construe the law that applies to the issues and we are not required to defer to the trial judge. See Volusia County; see also Major League Baseball v. Morsani, 790 So.2d 1071 (Fla.2001).
We find, and it has been stipulated to by the parties, that the City of Hialeah Ordinance Sections 82-1, 82-2, and 82-91 do impose upon the owner of abutting property liability for injuries sustained by a pedestrian if the abutting property owner contributed to or caused the dangerous condition in the sidewalk which was the proximate cause of the complained of injury. Not only is the ordinance clear, but the title and language of Section 82-2 clearly indicate that it was the legislators' intent to provide such private cause of action. For the above reasons, we hold that the City of Hialeah Ordinance Section 82-2 creates a private cause of action upon an abutting property owner who violates the conditions imposed in Section 82-91. Additionally, we find there are genuine issues of material fact yet to be resolved as to whether the home-owners contributed to the defective sidewalk.
Accordingly, we reverse the final summary judgment entered in favor of the homeowners and remand this cause for further proceedings consistent with this opinion.
Reversed and remanded with instructions.
NOTES
[1] City of Hialeah Ordinance Code Section 82-91. Curb, gutter, and sidewalk maintenance by abutting owners or occupants (2000).

(a) It is unlawful for any owner, occupant, or agent of any property to allow the sidewalks, driveways, curbs, or gutters abutting or contiguous to such property to remain in condition that renders them unsafe, dangerous, or detrimental for the purpose for which they were intended.
(b) A property owner, occupant, or agent shall inspect the sidewalk, driveway, curbs and gutters for unsafe conditions. Where a sidewalk, curb, and gutter is in the public right-of-way and in an unsafe condition, the property owner, occupant, or agent thereof, or third party, shall immediately notify the city of any unsafe condition by written notice. Upon investigation and determination by the city that the condition was not caused by action of the owner, occupant, or agent thereof, or a third party, the city will not charge the owner, occupant, agent, or third party if the city repairs the condition. If the owner, occupant, or agent thereof, or third party cause the damage, then the person who caused the damage shall be required to repair or replace the damage in the manner provided in this division for the construction of new sidewalks, curbs, or gutters at his or her own cost; or pay the city to make such repairs or replacement. If the property owner, occupant, or agent thereof fails to notify the city of any unsafe condition caused by a third party, the property owner, occupant, or agent cannot raise the defense to a claim of liability that the unsafe condition was caused by a third party. If the owner, occupant, or third party does not repair or replace the damage or otherwise pay the city, the city shall assess the owner of the property for costs incurred by the city for repairs or replacement. Such assessment, if not paid within 30 days, shall become a lien against the property provided in this code or state law.
[2] City of Hialeah Ordinance Code Section 82-1. Legislative Intent. It is the intent of the city to set forth regulations and standards for the construction, maintenance and use of swale areas, sidewalks, and other public rights-of-ways; and to delineate the responsibility between the city and property owners, tenants, or agents in connection thereof.

City of Hialeah Ordinance Code Section 82-2. Private Right of Action. Any person, including the city, that is injured, aggrieved or against whom a civil action for damage, injunction, or other relief is brought, to recover for injuries or damages arising out of a violation of this chapter, or to correct a condition in violation of this chapter, may bring a civil action in any court of competent jurisdiction against the adjacent or abutting property owner, occupant, or agent of such property, or third party, who contributed to the violation of this chapter, for damages according to the percentages that the property owner, occupant, agent, or third party's violation, negligence or wrongful acts or omissions contributed to any alleged injuries or damages. The city may assert as a defense any action that a violation of this chapter caused or allowed to be caused by an adjacent or abutting property owner, occupant, or agent of such property, or a third party reduces the city's liability, in whole or in part, by such property owner, occupant, or agent of such property, or third party's violation, negligence, wrongful acts or omissions.