# Third District Court of Appeal

## State of Florida

Opinion filed August 10, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-162
Lower Tribunal No. 19-31342
_____

## Alfredo Lopez,
Appellant,

vs.

## Miami-Dade County, etc., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne Del Rio, Judge.

Giasi Law, P.A., Melissa A. Giasi and Erin M. Berger (Tampa), for appellant.

Law Offices of Granoff & Kessler, P.A., and Roy E. Granoff, for appellees Nelidia Navarro and Eusebio Verrier.

Before LINDSEY, GORDO and LOBREE, JJ.

GORDO, J.

Alfredo Lopez appeals a trial court order granting Eusebio Verrier and Nelida Navarro's motion to dismiss with prejudice. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because the trial court properly granted the motion to dismiss, we affirm.

On August 25, 2017, Lopez lost control of his vehicle and struck a guardrail after he drove over a pothole or defect that was covered with water on SW 187th Avenue in Miami-Dade County. Two years later, Lopez filed a complaint against Miami-Dade County and the Florida Department of Transportation for negligence alleging they failed to maintain the roadway in a reasonably safe condition. Lopez subsequently amended his complaint and added the two owners of the properties abutting the roadway where the accident occurred as parties: (1) J&A Nursery Inc. and (2) Eusebio Verrier and Nelida Navarro. Lopez asserted Verrier and Navarro were negligent for failing to maintain the proper elevation of the swale area by the roadway pursuant to Chapter 19, section 19-14 of the Miami-Dade County Code. Verrier and Navarro moved to dismiss Lopez's complaint against them. The trial court held a hearing and later entered an order granting the motion to dismiss with prejudice. Lopez filed a motion for reconsideration and the trial court held another hearing. The trial court subsequently entered an order

stating it reconsidered its prior order but found it did not err in granting the motion to dismiss.[1]  This appeal followed.

"We review orders granting a motion to dismiss under a de novo standard of review."  Williams Island Ventures, LLC v. de la Mora, 246 So. 3d 471, 475 (Fla. 3d DCA 2018).  Lopez contends the trial court erred by considering matters outside his complaint because it made a factual determination that Verrier and Navarro did not owe him a duty despite his complaint adequately demonstrating their legal duty.  This argument fails because "duty exists as a matter of law and is not a factual question for the jury to decide."  McCain v. Fla. Power Corp., 593 So. 2d 500, 503 (Fla. 1992); Jenkins v. W.L. Roberts, Inc., 851 So. 2d 781, 783 (Fla. 1st DCA 2003) ("The duty element of negligence is a threshold legal question; if no legal duty exists, then no action for negligence may lie."); Sewell v. Racetrac Petroleum, Inc., 245 So. 3d 822, 825 (Fla. 3d DCA 2017) (noting "while the tort of negligence requires the establishment of duty, breach, proximate cause, and damages, it is for the court to determine the existence of a duty.").  Accordingly, the trial court did not go beyond the four corners of his amended

---

[1] Lopez's claims against Miami-Dade County, the Florida Department of Transportation, and J&A Nursery currently remain.

complaint by considering whether Verrier and Navarro owed Lopez a legal duty.

Further, the trial court properly determined Verrier and Navarro did not owe Lopez a legal duty. Section 19-14(B) of the Miami-Dade County Code provides a property owner is responsible for maintaining proper elevations within the swale. It does not, however impose liability on the property owner to private individuals for a violation or injuries caused by a violation of the section. Pursuant to Chapter 19, only the County may pursue an action based on an alleged violation. See Section 19-4.2 of the Miami-Dade County Code (stating if a property owner in violation of any of the provisions of section 19 fails to cure the violation after notice and reasonable time to come into compliance "the County shall have the option to enforce this Chapter"). When the County fails to include a provision imposing liability upon a property owner for injuries that occur because of an alleged code violation, an injured person cannot seek a remedy against that property owner based on the violation. See Woods v. City of Palatka, 63 So. 2d 636, 637 (Fla. 1953) (noting an injured party had no claim against an abutting landowner where there was "no provision in the charter that an abutting landowner will be liable for injuries due to his failure to repair a sidewalk, [even] when [he was] required by ordinance to do so"). Therefore, this section of the Miami-

4

Dade County Code did not impose a legal non-delegable duty on Verrier and Navarro to motorists driving on the roadway.

Importantly, here Lopez did not allege the accumulated water caused the defect, did not contend that Verrier and Navarro had a duty to repair the defect to the roadway, did not allege the accident occurred in the swale area Verrier and Navarro had an alleged duty to maintain and did not allege Verrier and Navarro had any prior warning or knowledge of the "defect" in the roadway or the accumulation of water that allegedly resulted because of the swale.[2]  Florida courts have declined to hold residential and commercial landowners accountable for injuries resulting from defects to areas or roadways owned by the City or County.  See Gornto v. Marks, 311 So. 2d 177, 178 (Fla. 1st DCA 1975) (affirming a trial court order that found a city ordinance "did not impose upon the [business] owner of abutting premises liability for injury to a business invitee by reason of a defective public sidewalk").

Affirmed.

---

[2] We note Lopez makes no allegation his injury falls within a foreseeable zone of risk in his third amended complaint.